Miller *v.* Gambie.

---

SAME TERM. *Before the same Justices.*

MILLER *vs.* J. and D. GAMBIE.

Where a party signs a promissory note on condition that another person shall sign the same, above his signature, he is not liable upon the note unless the condition is complied with. And a party suing upon such a note is bound to show how it came into his hands without a compliance with the condition.

The fact that a party signing a note conditionally has had an agency, or been

active, in getting a payment endorsed upon the note, will not amount to a waiver of the condition on which he signed it.

In a suit upon a promissory note, where the only questions before the jury are whether the defendant executed the note absolutely, or upon condition, and in the latter case, whether the defendant had waived the condition—the consideration of the note not being impeached by the defendant—it is improper to admit evidence as to the nature of the consideration.

THIS was an action of debt. The declaration contained two counts; the first count being on a judgment in the supreme court in favor of the plaintiff for $540,09, in an action of assumpsit, rendered in the term of July, 1845, and the second count being for $459,91, for interest. The plea was *nil debet*. The cause was tried at the Seneca circuit, November 13, 1846, before WHITING, Cir. J. Upon the trial, the plaintiff gave in evidence an exemplified copy of the record of the judgment in favor of the plaintiff against the defendants, mentioned in the first count of the declaration. The record also showed that the suit was commenced and the judgment rendered on a promissory note dated October 12, 1843, made by Daniel Gambie and Jacob Gambie, payable to George Miller or bearer, for $550, with interest, one year after date, and that the declaration in the suit in which the judgment was recovered was served on Daniel Gambie only. The plaintiff's counsel produced the note, on the trial, and the defendants' counsel admitted the signatures to be the proper hand-writing of the defendants, also that the interest amounted to $45,13. There appeared to be an endorsement on the note of a payment of $90, bearing date November 13, 1843. Samuel Birdsall, a witness for the plaintiff, testified that the body of the note was in his hand-writing, and was made at his office. He could not say whether it was delivered to the plaintiff, at its date, or not; that the endorsement was made by him at his office. Jacob Gambie, a son of the defendant Jacob Gambie, a witness for the defendants, testified that he was present when his father signed the note at Birdsall's office. Miller, the plaintiff, was not present. The plaintiff's counsel objected to any proof of what the defendant Jacob Gambie said, relative to the note, when the plaintiff was not present. The court overruled the objection, and the witness

testified that Birdsall had the note, and asked the witness' father to sign it; he, Birdsall, saying that the agreement was that another endorser was to sign ahead of him, and that he would not be holden unless another signed ahead. Mr. Birdsall told him to sign below and leave room for another to sign above him. Samuel Gambie, another witness for the defendants, testified that he had seen the note before; that he saw it first in the hands of Jacob Gambie at his, the witness', house; that he next saw it in the plaintiff's hands. The plaintiff, the defendant Jacob Gambie, and Birdsall were together, and something was said about an endorser. Jacob Gambie said he did not consider himself holden until another endorser was got, according to agreement when it was given; and Miller said it was the agreement, when it was given, that there should be another endorser before it should be a valid note.

The plaintiff then called Samuel Birdsall, who testified that he had no distinct recollection in regard to the note. The plaintiff's counsel here asked the witness what the consideration of the note was, and how it came to be made. The defendants' counsel objected to the question, and to any evidence as to what the consideration was; the consideration not being impeached by the defendants, and the only question being whether the note ever had a valid or legal existence against the defendant Jacob Gambie. The circuit judge overruled the objection, and the witness testified that he obtained a judgment against both Daniel and Jacob Gambie; that this note was given for that judgment, which was discharged. An execution had been issued against them, and the defendants wished to settle, and this note was given for that purpose; and not being able to tell how much had been paid, the note was drawn for an amount sufficient to cover the amount due on the execution. It was afterwards ascertained that $90 had been paid, when the plaintiff and Jacob Gambie came down to the witness' office a day or two after the note was given, and it was endorsed on the note as paid. The witness' best recollection was, that Jacob Gambie, when asked to sign, said some one else was to sign, and a space was left between Daniel's name and Jacob's. The

witness did not recollect when or how the note got into Miller's possession, but presumed he gave it to him the next day, when the endorsement was made and the parties were together at his office. The circuit judge charged the jury that if they should be of the opinion that Jacob Gambie signed the note upon an agreement with the plaintiff that another person was to sign the note, or endorse it, besides himself, and that he was not to be otherwise holden, they would find for the defendants. But if they found that the note was signed without any condition to that effect, or that by the subsequent acts or agreement of the defendant Jacob Gambie, the condition had been waived or altered, they should find for the plaintiff.

The defendants' counsel then asked the court to charge the jury that it mattered not whether the note was given for a consideration or not, or what the consideration was; but that if the note was signed upon the agreement or condition above mentioned, and that no other person than Daniel and Jacob Gambie signed the note, the defendant was entitled to their verdict. The judge declined so to charge, or to say any thing in reference to the testimony offered in regard to the consideration of the note, or the effect such proof ought to have in the case. The defendants' counsel excepted to the charge as given, and the refusal to charge as requested. The jury returned a verdict for the plaintiff of $585,22, and the defendant now moved for a new trial.

*A. T. Knox*, for the defendants.

*S. G. Hadley*, for the plaintiff.

*By the Court*, WELLES, J. The testimony of the witness Jacob Gambie, of what took place at Mr. Birdsall's office in the absence of the plaintiff, was properly received. It was conversation and transactions with the plaintiff's agent, in relation to taking the note in question. The declarations of the party on that occasion were of the *res gestæ*, and not obnoxious to the objection that it was *res inter alios acta*. The only reason

why it is deemed necessary now to notice this point, is to show that the testimony was properly before the jury, and forms a part of the case.   If the objection to it had been a sound one, the evidence should now be dismissed from consideration.

The evidence in relation to the consideration of the note was improperly received.   The only questions before the jury were, 1st. whether the defendant Jacob Gambie had executed the note absolutely, or upon condition that another person besides the defendant should sign or endorse it ; and 2d. in case the note was signed by the defendant, Jacob Gambie, under such circumstances, whether he had in any way waived the condition so as to make himself liable on the note, without the additional name being superadded.   If Jacob Gambie put his name to the note under such circumstances, he had a right to insist that the agreement should be fulfilled.   The question of the consideration of the note was not raised by the defendants. It was virtually admitted to be valid.   Nor was it necessary for the plaintiff to prove a consideration, as the note itself imported one on its face.   The defendant expressly disclaimed all question in relation to it, and placed his defence solely upon the failure to fulfil the condition under which he claimed he had put his name to the note, and I think this defence is strongly supported by the evidence.   I am not able to perceive any thing in the case amounting to evidence, showing that the condition was waived, or that a new contract was made.   The fact that the note was afterwards seen in the hands of a third person, and finally with the plaintiff, is not inconsistent with the position taken by the defendant.   The note was signed by the defendant Jacob Gambie at the request of Mr. Birdsall, who had it at his office at the time.   It does not appear that the defendant Jacob Gambie had any agency in putting it in the hands of his son Jacob, or that he ever consented to its delivery to the plaintiff.   It was incumbent on the plaintiff to prove how it came into his hands without a compliance with the condition.   Nor is the fact that the defendant Jacob had an agency, or was active in getting the endorsement of the payment of $90 made, if such was the fact, a circumstance to weigh against

him. It was proper to have the endorsement made, and he was interested in view of his contingent liability, to see it done; and I am at a loss to perceive how it points in any way towards a waiver of the condition upon which he signed it. It is therefore difficult to understand how the jury were able to come to the conclusion they have, without supposing that they gave weight to the fact that the note was given for a debt that both defendants were originally equally liable for.

After the evidence of the consideration was out, I think the judge should have instructed the jury that such evidence should have no effect upon the questions made by the defence. His attention was called to it, and he declined giving them any advice upon the subject. I think the verdict should be set aside and a new trial granted.

Ordered accordingly.

