Judgment affirmed, costs to be paid out of the estate.

---

## SEYMOUR *v.* COWING.

### December, 1864.

An appellant cannot, on appeal, for the first time object that the court directed verdict for the defendant, when there was a question for the jury. A request to submit the question to the jury must be made at the trial.*

An instrument not under seal,—*e. g.*, a promissory note,—may be delivered to the party in whose favor it is drawn, upon a condition ; so that until performance of the condition he acquires no right to enforce it.†

Parol evidence is admissible to show that notes received by one party in exchange for notes given by him to the other were mere memoranda and not promises, and therefore formed no consideration for the notes he gave.‡

Erastus B. Seymour and William Wells sued Harrison O. Cowing, George Benson, J. Shedr Buell and James M. Willard, in the Buffalo superior court, to recover on two promissory notes made by the defendant, Harrison O. Cowing, to George Benson, and indorsed by him to the defendants Buell & Willard (who were partners in business, in Buffalo), from whom they passed by subsequent indorsements to the plaintiffs.

---

* But resisting a motion for a nonsuit, though it is not equivalent to asking a direction for a verdict, is equivalent to asking that the case be submitted to the jury. Slade *v.* McMullen, 45 *How. Pr.* 52.

† Compare Brackett *v.* Barney, 28 *N. Y.* 333.

‡ See Turnbull *v.* Osborn, 11 *Abb. Pr. N. S.* 200.

Seymour *v.* Cowing.

The answers alleged that the notes were accommodation notes, made to Benson, with the agreement that the said notes (together with two others, made at the same time), should be used only to borrow money at lawful interest, for a specified purpose, and should not be put into the market to be sold or otherwise negotiated on usury; but contrary to such agreement the notes were transferred by Benson upon a usurious agreement, and the proceeds misapplied; of all which facts plaintiffs had notice before they took the notes.

At the trial, the defendants proved that on October 20, 1856, and before said notes were made, Benson had applied to Cowing to borrow his note for about four thousand dollars, or to make an exchange of notes, both of which Cowing declined. On the day of the date of the notes Benson called on Cowing again, and told him he could not get along without his paper, and requested him to make some notes. He proposed to leave with Cowing his [Benson's] notes, corresponding with the notes Cowing should let him have, as memoranda of the transaction. Cowing told him he might do as he pleased about leaving his [Benson's] notes; that if he left them he [Cowing] should hold them as memoranda and would put them in his safe; that all he wanted was that Benson should take up his [Cowing's] notes at maturity. That thereupon Cowing made the four notes above described and delivered them to Benson, who thereupon made four notes corresponding in amount and time and place of payment with those made by Cowing, and delivered them to Cowing. Cowing put the notes made by Benson into his safe, but made no use of them; and although he kept a bill-book, he did not enter these notes in it.

The defendants also proved that Benson procured the notes to be discounted by the plaintiffs at the rate of twelve per cent. per annum. That Buell, solely for the accommodation of Benson, and without the knowledge or consent of Willard, and without the scope of the partnership articles, indorsed on the notes the name of said firm, of which fact the plaintiffs had notice at the time they received the notes.

The court directed a verdict in favor of the defendant Willard; also a verdict against the defendant Cowing, for the amount of the notes and interest; and against the defendant

Buell, for the amount paid by the plaintiff to Benson, and interest. Cowing and Buell separately excepted. The court suspended judgment, and ordered the exceptions to be heard in the first instance, at the general term.

*The superior court*, at general term, held that parol evidence to qualify the delivery was admissible, citing Chester *v.* Bank of Kingston, 16 *N. Y.* 336; and that the evidence showed at most a delivery of the memorandum notes by way of indemnity. The court therefore set aside the verdict, and ordered a new trial, with costs to abide the event.

Plaintiffs appealed to this court.

*M. A. Whitney*, for defendants, appellants.—That the transaction was one contract in writing. 2 *Pars. on Cont.* 14; Hill *v.* Muller, 3 *Paige*, 254; Van Horne *v.* Crain, 1 *Id.* 455. Parol evidence is admissible. 1 *Cai.* 358; Erwin *v.* Saunders, 1 *Cow.* 249, and cases cited; Payne *v.* Ladue, 1 *Hill*, 116; Eaves *v.* Henderson, 17 *Wend.* 190; Ely *v.* Kilborn, 5 *Den.* 514; *Cow. and Hill Notes to Phil. Ev.* 1460; Brown *v.* Hill, 1 *Den.* 400; Thompson *v.* Ketchum, 8 *Johns.* 190; Fitzhugh *v.* Runyan, *Id.* 375; Wells *v.* Baldwin, 18 *Id.* 44; Chester *v.* Bank of Kingston, 16 *N. Y.* 336. A deed or an instrument cannot be delivered to a party as escrow. Such delivery is absolute. Arnold *v.* Patrick, 6 *Paige*, 310; Gilbert *v.* N. A. Fire Ins. Co., 34 *Wend.* 23; Lawton *v.* Sagar, 11 *Barb.* 349. The notes were given upon a valid consideration, and the purchase of them at a discount by the plaintiffs was not usurious. Rice *v.* Mather, 3 *Wend.* 61, and note *a*, and cases cited; Cobb *v.* Titus, 10 *N. Y.* 198.

*Henry W. Rogers*, for plaintiffs, respondents;—Cited 2 *Phil. Ev.* 4 Am. ed. 675; Ely *v.* Kilbourn, 5 *Den.* 516; Miller *v.* Gambie, 4 *Barb.* 146; Goddard *v.* Cutts, 2 *Fairf.* 440, 442; Chester *v.* Bank of Kingston, 16 *N. Y.* (opinions of Judges COMSTOCK and PAIGE), 341, 343; *Chit. on Cont.* 3. 4. As to what constitutes due execution and delivery, 1 *Greenl. Ev.* § 284. As to consideration, *Chit. on Bills*, marg. p. 73.

MULLIN, J.—The only question on the trial, and the only one before us for decision, is whether Cowen received the notes of Benson in exchange for the four notes delivered by him to Benson. If he did, the direction at the trial was right. If he did not—if they were received merely as memoranda of the date, amount and time of payment of the notes delivered by Cowing, then there was no exchange, and consequently no consideration for the notes in suit.

There was no conflicting evidence in regard to the arrangement concerning the notes, and the court was right, therefore, in ordering a verdict. If the arrangement proved was susceptible of two constructions, it was for the court to construe it so as to give effect to the intention of the parties. If there was any question for the jury, it was the duty of the parties to ask that the case be submitted to the jury. No such request was made; they acquiesced in the action of the court, and they cannot now be heard to allege that there was any question withheld from the jury which should have been submitted to them.

We must treat the question as one of law, and that question is whether, on the facts proved, the agreement was one of exchange of notes, or whether it was a loan of the notes of Cowing, and Benson's were left as memoranda merely.

Before the notes in question were made, Benson applied to Cowing to borrow his notes for some four thousand dollars, which Cowing refused to lend. The application was again renewed on the day the notes of Cowing were made, and Benson proposed to leave his notes with Cowing as memoranda of the transaction. Cowing told him he might do as he pleased; all he wanted was that Benson should take up his (Cowing's) notes at maturity, and Benson's notes were not used by Cowing.

It is thus shown that an exchange was distinctly proposed by Benson and refused. There is not a particle of evidence to show that Cowing changed his mind. Indeed, no request was afterward made to him to exchange. The subsequent application, and the one in the pursuance of which the notes of Cowing were made and delivered, was that Cowing should make his notes, and he (Benson) would deliver his as memoranda.

If, notwithstanding this arrangement, Cowing had, never-

theless, treated Benson's notes as operative securities, the judge might have found a change of purpose on the part of Cowing, or have implied a new agreement from the acts of the parties. But there is no act to justify any such inference, and any finding of fact, or any construction of the agreement, by which an exchange of notes is imputed to the parties, is utterly without foundation in law or in fact.

It was competent for the parties to agree that the notes of Benson should be left with and be held by Cowing as memoranda merely. A deed, if delivered to the grantee or person entitled to take under it, becomes at once absolute, whatever the intention of the parties may be. Arnold v. Patrick, 6 Paige, 310 ; Worrall v. Munn, 5 N. Y. 229. But instruments not under seal may be delivered to the party to whom upon their face they are made payable, or who is by their terms entitled to some interest or benefit under them, upon a condition the performance of which is necesary in order to perfect the title of the holder to enforce the contract. Edw. on Bills, 186 ; Miller v. Gambie, 4 Barb. 146.

Our reports are filled with cases in which, the delivery of notes and other obligations to the payee or obligee being shown to be conditional, the title of the holder was defeated.

It is said that the evidence that the notes of Benson were left as memoranda merely, was incompetent because it contradicted the contract, making it inoperative, when by its terms it was an absolute engagement to pay.

The objection begs the question. Before the rule contended for can apply, it must appear that the contract was a valid agreement in the hands of Cowing. Had it been shown that the delivery was absolute, or had there been no evidence to show it conditional, the presumption of law would have been that the delivery was absolute, and in that case evidence could not be given that it was agreed between the parties differently from the terms of the contract. But until delivery, the contract is wholly inoperative, and if it be shown that the instrument was delivered to take effect only on the performance of some condition, or on the happening of some future event, the contract is not operative and binding until the condition is performed or the event has occurred.

Seymour *v.* Cowing.

Such evidence does not alter or vary the contract,—for when the contract takes effect it speaks for itself:—but it prevents a delivery, which, unqualified, would give instant effect to the agreement, from having any other or greater effect than is contemplated by the parties.

If the question as to the meaning of the contract could be treated as one of fact and not of law, the judgment of the general term must nevertheless be affirmed. That court has power to review the findings of fact of the judge at the circuit, and this court in reviewing the judgment can only look into the case, in order to see whether there is any evidence to sustain the findings of the general term. If there is, we must affirm the judgment. If there is none, it is our duty to reverse it.

The evidence fully justifies the action of the general term in setting aside the verdict. If I am right in either of the foregoing positions, there was no consideration for the notes of Cowing, and a recovery thereon by the plaintiff cannot be sustained.

I discover no ambiguity in the language of the case where it says the notes were left with Cowing as memoranda. The word explains itself. Memoranda is defined by WEBSTER to be " *notes to help the memory.*" This is a very different purpose from that of being valid contracts to pay money.

The agreement of the parties can have but one interpretation and that is, that the notes of Benson were not delivered as binding obligations to Cowing. The notes of Cowing were, therefore, without consideration and void. The verdict was wrong. The order of the general term, setting it aside and granting a new trial, was right, and should be affirmed; and, under the stipulation, judgment absolute should be ordered, with costs.

DENIO, Ch. J.—The notes in question having been negotiated to the plaintiffs at a higher rate of interest than that allowed by law, the question was, whether they were operative paper in the hands of Benson, the payee, who negotiated them, at that time. If they were, he had a right to dispose of them at a discount; but if they had their legal inception only at the time of such transfer they were infected with usury.

The plaintiffs claim that Cowing, the maker, received value at the time of signing them, by taking the notes of Benson, the payee, for equal amounts, and having the same time to mature; and they seek to apply to the case the principle of Cobb v. Titus, 10 N. Y. 198. But it was shown by parol evidence that Cowing became the maker of the notes simply for the accommodation of Benson, and did not consent to receive the notes of the latter by way of exchange for those signed by him. It was proved that when Benson offered to leave his notes, Cowing said he might do as he pleased about it; but if he did leave them, he would hold them as memoranda of the transaction, and would put them in his safe; and that all he wanted was, that Benson should take up his (Cowing's) notes at maturity. This, proof, if legal, showed that there was no consideration for the notes sued on until they were negotiated to the plaintiffs. The single question, therefore is,—if that can be said to be a question—whether the defendants were entitled to establish the circumstance stated by parol evidence. The plaintiffs insist that the fact of the exchange of the notes, and the constituting one set the consideration of the other, existed in writing. But that is a mistake. The only writings were the notes of the respective parties. The fact alleged of their connection with each other, and that one set was the consideration of the other, was not shown by any writing. To be sure, each party had the notes of the other, and all the notes were presumed to have been given for value; but that proves nothing to the purpose. Without parol proof, each note would be taken to have been given upon a separate and independent consideration. It may be that they ought to be read together, being between the same parties, and signed at the same time; but no method of reading them would have shown anything as to their relation to each other, or have shown that one was the consideration of the other. To establish that fact the plaintiffs would themselves have to resort to the parol evidence. That evidence, when produced, completely negatived the idea of an exchange of notes. Benson's notes were not negotiated to Cowing, but were given to him to be kept as memoranda; and the consideration expressed on their face was disproved.

It follows that the defense of usury was fully made out, and that the judge should have directed a verdict for the defendants.

The order appealed from should be affirmed, and judgment final be given for the defendants, pursuant to the stipulation.

All the judges concurred.

Order for new trial affirmed, and judgment absolute for defendants, with costs.