Neilson, Ch. J.
The question on the trial was, whether the plaintiff had an insurable interest in the property at the time the policy was issued. The allegation in the complaint that she had such interest as owner was denied by the answer. The plaintiff claimed title under Marx David. A deed of the real, and bills of sale of the personal property, executed by her husband to Marx David, and like conveyances purporting to have been executed by Marx David to the plaintiff, were put in evidence on the trial. ’ It appears from the case that there was evidence tending to show that there was no such person as Marx David, and, as evidenced by their verdict, the jury have found that there was no such person. Accepting the fact thus found by the jury, as we must do since the testimony is not before us for review, it follows that the papers so put in evidence as conveyances were inoperative. Those signed by plaintiff’s husband, the owner of the property, were not, never could have been, delivered, and delivery or acceptance is necessary to give effect to a conveyance. The papers to which the words Marx David were affixed never were, never could have, been, proved, acknowledged or delivered.* But it *51 seems idle to specify objections to grants in which either the grantee or the grantor was wanting.
It is stated in the case that there was evidence tending to show that at the time of the fire the plaintiff was in possession of the property. Had it appeared that she had had such possession at the date of the policy, that would have been material, and the continuance of it might have been presumed. But possession at the date of the fire does not in any sense touch the question whether she had any, and, if any, what, relation to the property when the contract of insurance was made?* There does not appear to have been any evidence on the subject. It is to be observed that the interest claimed by the plaintiff was that, and only that, of title. It was so alleged in the complaint. In his statement of the case, introductory to the points used before us, the plaintiff’s counsel says: “The only question involved in the appeal is the question of title.” The case appears to have been tried on that theory, the title claimed to have been acquired, and only acquired, by virtue of the fictitious conveyances put in evidence. That having been so, the learned presiding judge instructed the jury that if there was no such person as Marx David, if he were a myth, the plaintiff could not recover. It followed that if the jury were satisfied that Marx David did exist, so that the property could have been conveyed to him, and by him to the plaintiff, she could recover. The latter branch of the proposition, involved thus as clearly as if expressed, would doubtless have been expressly charged had the plaintiff’s counsel requested it. He made no such request. It *52 assumed in the plaintiff’s favor, swept in and applied all the rules and principles which, upon the argument before us, her counsel has invoked in her behalf. I am of opinion that the instruction, as given, was correct.
I am also of opinion that if any other feature of the case existed which might tend to qualify that instruction, and was proper for the consideration of the jury, the learned counsel should have called the attention of the judge to it. That was to have been expected from his zeal and intelligence. If he had seen that the court was, from some oversight, giving undue significance to one aspect of the case, he would, in the fair discharge of his duty, have made some specific request. This consideration, in an equitable point of view, and with regard to the most approved practice, has a direct bearing upon the exception as taken. But as it does not appear that the plaintiff was in possession when the policy was issued, as it does appear that her only pretense of title was under those fictitious conveyances, the instruction given was the only one that could have been given. It was not the province of the learned judge to deal in abstract propositions, or give the jury a lecture on the law of insurance. But if he had done so, every rule or principle he could have stated would either have fallen inert for want of testimony or for want of validity in the so-called conveyances. Of what avail would it have been to have told the jury that the mere statement in the policy that the property was the plaintiff’s was sufficient prima facie to cast upon the defendants the burden of disproving that assumption, when the fact that the plaintiff’s supposed grantor was a myth disproved it ? Or that mere possession, with a bona jide claim, a beneficial enjoyment at the date of the policy was sufficient, when for aught that appeared she had not at that time any relation to it? Or that by an insurable interest in property is not intended a good title to it, when her claim was that of a good title, if *53 anything? Nor would it have been material to have considered whether, in the application of equitable principles, the plaintiff, by receiving all the conveyances and paying a consideration, would have acquired an equitable interest, even if the scheme was devised by her husband in fraud of creditors, since it did not appear that any such transaction occurred before the contract of insurance. The principles involved are familiar (Fowler v. N. Y. Indemnity Ins. Co., 23 Barb. 150; 1 Phil. Ev. 646, and note; Rowe v. Gans, 9 Hun, 6; Seymour v. Cowing, 4 Abb. Ct. App. Dec. 200; Wood on Fire Ins. 489).
But the instruction given to the jury calls for a further observation. It is said that, among other things, the judge charged as stated. What were those other things ? For aught that appears, the charge, so briefly given in the case, may have been extended, and for that reason the exception was not well taken. In Parsons v. Brown (15 Barb. 590), the exception was taken to an instruction of like form. What the court had occasion to say as to that, and as to the duty of making requests, applies.
The judgment and order should be affirmed with costs.
Reynolds, J., concurred.

 Making a false conveyance with a fictitious name, if done with a felonious intent, is forgery. 3 Abb. N. Y. Dig. new ed. 460, ¶¶ 8, 9.
False personating and acknowledging a paper for record is punishable by statute. 2 R. S. 676, § 48.
For the rule as to negotiable paper, see 1 R. S. 768, § 5 ; Gibson v. Hunter, 2 H. Blackst. 288.

 A state of things proved to exist may be presumed to continue, if continuance is agreeable to its nature (see 3 Abb. N. Y. Dig. 2 ed. 10, ¶¶ 99-114); but it is not presumed to have previously existed. In other words, the presumption of continuance of fact runs not backward (see Yates v. People, 32 N. Y. 509), but forward; not usually, however, into the future. Covert v. Gray, 34 How. Pr. 450.