THOMAS J. REYNOLDS, Respondent, *v.* THOMAS ROBINSON *et al.*, Appellants.

*Court of Appeals, October 2, 1888.*

Reversing same case, 37 Hun, 561.

1. *Evidence. To vary written contract.*—Parol evidence is admissible to show that a written paper, which in form is a complete contract, of which there has been a manual delivery, was nevertheless not to become a binding contract until the performance of some condition precedent resting in parol.

2. *Same.*—The rule above stated should be cautiously applied to avoid mistake or imposition, and confined strictly to cases clearly within its reason.

Action to recover damages for a breach of an alleged contract for the purchase by plaintiff, and sale by defendants, of a quantity of lumber.

Appeal from a judgment of the general term of the supreme court, reversing a judgment in favor of defendants, entered upon the report of a referee, and ordering a new trial.

*Tracy C. Becker*, for appellants.

*E. A. Nash*, for respondent.

ANDREWS, J.—The finding of the referee, which is supported by evidence, to the effect that the contract for the purchase and sale of the lumber on credit, contained in the correspondence between the parties, proceeded upon a contemporaneous oral understanding that the obligation of the defendants to sell and deliver was contingent upon their obtaining satisfactory reports from the commercial agencies as to the pecuniary responsibility of the plaintiff, brings the case within an exception to the general rule that a written contract cannot be varied by parol evidence, or rather it brings the case within the rule now well established that parol evidence is admissible to show that a written paper, which in form is a complete contract, of which there has been a manual tradition, was nevertheless not to become a binding contract until the performance of some condition precedent resting in parol. Pym *v*. Campbell, 6 El. & Bl. 370; Wallis *v*. Littell, 11 C. B. 369; Wilson *v*. Powers, 131 Mass. 539; Seymour *v*. Cowing, 4 Abb. Ct. App. Dec. 200; Benton *v*. Martin, 52 N. Y. 570; Julliard *v*. Chaffee, 92 id. 535, and cases cited; Taylor's Ev., § 1038; Stephens' Dig. Ev., § 927.)

Upon this ground we think the evidence of the parol understanding, and also that the reports of the agencies were unsatisfactory, was properly admitted by the referee and sustained his report, and that the general term erred in reversing his judgment. It is, perhaps, needless to say that such a defense is subject to suspicion, and that the rule stated should be cautiously applied to avoid mistake or imposition, and confined strictly to cases clearly within its reason.

The order of the general term should be reversed and the judgment on the report of the referee affirmed.

All concur.