| 58 | 293 |
| 124 | 205 |

---

## JOHN H. STRICKLIN

*v.*

## JAMES R. CUNNINGHAM.

ASSIGNEE—*surety executing a note on conditions.* A claim being placed in the hands of an attorney for collection, the debtor proposed to borrow the

money to pay the same, from a third person, and accordingly executed a note payable to the latter, with another as surety, such surety, however, signing the note upon the express condition that the principal maker should procure the note to be signed also by a certain other person as co-surety. This condition was never performed, but the note as thus executed was placed in the hands of the attorney, who retained it until after its maturity, when the payee indorsed it to him to enable him to sue thereon in his own name. In an action on the note by such assignee, it was *held*, the surety could avail of the non-performance of the condition upon which he signed the note, as a defense, even though the plaintiff did not know of such condition, he not being an innocent holder for a valuable consideration.

WRIT OF ERROR to the Circuit Court of Coles county ; the Hon. JAMES STEELE, Judge, presiding.

Messrs. D. T. & D. S. MCINTYRE, for the plaintiff in error.

Mr. J. R. CUNNINGHAM, *pro se.,* and Mr. JOHN SCHOLFIELD, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit brought by Cunningham against Stricklin, on a note executed by him as security for one Gill, and payable to T. G. Chambers & Co., bankers. It appears Gill was indebted to one Miller, resident in Kentucky, who had placed the claim in the hands of Cunningham for collection. Gill, not having the money, proposed to borrow it of Chambers & Co., and for that purpose procured the signature of Stricklin as security, with an express agreement that he would also procure that of Nabb, which was the condition upon which Stricklin signed. Gill left the note with Cunningham, with the understanding that Gill was to procure Nabb's signature, and then Cunningham was to get the note discounted at the bank of Chambers & Co., and receive the money for Miller. Gill never caused Nabb to go and sign the note, and his signature was never obtained. The note was not discounted by Chambers & Co., to whom it was made payable, but after its maturity, at the request of Cunningham, they indorsed it to

him without recourse, for the purpose, we presume, of enabling him to bring this suit in his own name.

The plaintiff, being sworn as a witness, denied he had any knowledge of the condition upon which Stricklin signed the note, although it is clearly proved such a condition was made. But the fact that the plaintiff was not informed of it, does not affect the case, for the note was not in his hands as an innocent holder for a valuable consideration. If it had been payable to him directly, or to Miller, and he had received it in settlement of Gill's indebtedness to Miller, and in ignorance of the condition, a very different case would have been presented. So too, if Stricklin had signed without condition, for the purpose of having the note discounted at the bank, to pay Miller, and the plaintiff, instead of procuring the money at the bank, had retained the note, discounting it himself, the case might be within the authorities cited by appellee's counsel. But here the note was not payable to Cunningham. It was not received by him in settlement of Gill's debt, but as Gill's agent, for the purpose of having it discounted at the bank, as soon as Gill should procure the signature of Nabb, which the plaintiff well understood was to be procured. Until the additional signature should be procured, he held the note as a mere depositary. The indorsement to him by Chambers & Co., after the note matured, and without consideration, gave him no more right to enforce payment than they would have had by a suit in their name, and it is hardly necesssary to say what would have been the result of such a suit upon a note which had never been delivered to them, and for which they had never paid any consideration. The plaintiff being a mere depositary of the note, and in no sense an innocent holder for value, the defendant, Stricklin, should be permitted to insist, as a defense, upon the condition attached to his signature, although the plaintiff was not aware of such condition.

The judgment is reversed and the cause remanded.

*Judgment reversed.*