GEORGE C. KNIGHT

*v.*

E. W. HURLBUT *et al.*

1. PROMISSORY NOTE—*when it becomes obligatory.* The defendants, under an agreement with the plaintiff, that they would sign their father's note to the plaintiff as sureties, executed a note and delivered it to the plaintiff, who agreed to get the signature of the father of the defendants, who was to be the principal in the note. The plaintiff never presented the note to defendants' father for his signature, nor did the father ever sign it: *Held,* that as between the parties, the note was not obligatory, not being signed by the father.

2. CONSIDERATION — *want of.* Where a note was signed by two persons as sureties for their father, and delivered to the payee who undertook to get the father's signature but failed to do so, it was held that the note was given without consideration and could not be collected by the payee.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. M. B. WRIGHT, and Mr. L. H. HAMLIN, for the plaintiff in error.

Messrs. DOYLE & KING, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The evidence, as preserved in the record, shows, with reasonable certainty, that the note which is the subject of the present controversy, was signed by the defendants, as sureties, in fact,

and sent by them to the plaintiff, under the agreement that he was to procure it to be signed by their father, and then accept it in liquidation of certain of his indebtedness; and that he neglected to obtain their father's signature, or to present the note to him for that purpose.

The note never having been assigned, the only question is, can the plaintiff recover on it, in direct violation of the terms of the agreement upon which it was signed and intrusted to him?

As between the parties the note was imperfect, until it was signed by the principal. It was not placed in the plaintiff's hands, there to remain until a contingency should happen, whereby it was to become obligatory, but it was intrusted to him to be delivered to the principal for his signature, after which, upon his redelivering it to him, it was to become obligatory, but not until then. All that preceded the signing and delivery of the note by the principal were but so many steps in its execution.

Treated as a promissory note from the defendants alone, to the plaintiff, it is, moreover, without consideration.

The judgment is authorized by the evidence, and is in conformity with *Stricklin* v. *Cunningham*, 58 Ill. 295. See also *Seymour* v. *Cowing*, 1 Keyes (N. Y.), 534; *Miller* v. *Gambie*, 4 Barb. 146; Edwards on Bills, 186.

*Judgment affirmed.*