## Skiles-Rearick & Company, Defendant in Error, v. B. J. Brooks, Plaintiff in Error.

1. Bills and notes, § 179*—*what is effect of conditional signing by surety*. A note signed by one as surety and left with the payee to be signed by the real debtor does not, as between the parties to the note, obligate the surety to pay it until the name of the principal debtor, is attached thereto according to agreement.

2. Trial, § 153*—*when case should go to jury*. When there is competent proof in the record fairly tending to establish a contested material issue in the case, from which, if it stood alone, a jury might fairly without acting unreasonably in the eye of the law find that such issue was established, the case should go to the jury.

3. Trial, § 203*—*when error to direct verdict*. It is error to direct a verdict when, in order to determine the rights of the respective parties, the evidence introduced by them must be weighed.

4. Bills and notes, § 461*—*when error to direct verdict for plaintiff in action on notes*. In an action on promissory notes signed by the defendant, one of whose defenses was that he signed as surety only, that when he signed it was expressly understood and agreed between him and the officers of the payee bank, which brought the action, that the principal, the real debtor, should sign the notes, and that such principal did not sign them and therefore they never became a binding obligation of defendant, *held* that it was error to give a peremptory instruction directing a verdict for the plaintiff because defendant's evidence on the question was such as to require a determination of the weight of the evidence offered by the plaintiff.

Error to the Circuit Court of Cass county; the Hon. Guy R. Williams, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded. Opinion filed October 21, 1919.

C. F. Mortimer, John J. Friedmeyer and Oscar J. Putting, for plaintiff in error.

J. J. Neiger, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice Graves delivered the opinion of the court.

Defendant in error, a banking corporation, brought suit on certain promissory notes bearing the signature of plaintiff in error. One of the defenses interposed by him was that the notes sued on were signed by him as surety only and that when he signed his name to them it was expressly understood and agreed between him and the officers of the bank that the principal, the real debtor, should sign the same; that she did not do so and therefore the notes never became a binding obligation of plaintiff in error. At the close of all the evidence the court, on motion of defendant in error, instructed the jury to find the issues for the plaintiff and to assess its damages at the sum of $1,861.41, which was done and judgment was eventually entered on the verdict.

There was some evidence offered on the trial fairly tending to support the defense made. Plaintiff in error testified that the facts were as set up in the plea. The notes were signed by plaintiff in error on the second line made for signatures and the first of such lines was left blank. Kittie Sinclair also testified to a conversation with Mr. Rearick, an officer of defendant in error, which strongly tends to corroborate the testimony of plaintiff in error.

A note signed by one as surety and left with the payee to be signed by the real debtor does not, as between the parties to the note, obligate the surety to pay it until the name of the principal debtor is attached thereto according to agreement. *Knight v. Hurlbut,* 74 Ill. 133; *Stricklin v. Cunningham,* 58 Ill. 293. See also *Belleville Sav. Bank v. Bornman,* 124 Ill. 200-205, and cases there cited.

When there is competent proof in the record fairly tending to establish a contested material issue in a case, from which, if it stood alone, a jury might fairly without acting unreasonably in the eye of the law find

that such issue was established, the case should go to the jury. *Frazer v. Howe,* 106 Ill. 563; *Woodman v. Illinois Trust & Savings Bank,* 211 Ill. 578-580; *Libby, McNeill & Libby v. Cook,* 222 Ill. 206. It is error to direct a verdict when, in order to determine the rights of the respective parties, the evidence introduced by them must be weighed.

Because the evidence in this case on the question of whether plaintiff in error signed the note with the understanding that it should also be signed by his wife before it should be treated as delivered to defendant in error was such as to require the weight of the same offered by the opposite side to be determined, the giving of the peremptory instruction directing a verdict for the plaintiff was error.

The judgment of the Circuit Court is reversed and the cause remanded to that court.

*Reversed and remanded.*