Otto C. Woerter, Receiver of Sheridan Trust and Savings Bank (Charles Helberg, Assignee), Appellant, v. Albert Z. Halperin, Alex M. Golman and Harry C. Rome, Appellees.

Gen. No. 44,918.

Opinion filed April 25, 1950. Released for publication May 10, 1950.

MAURICE WEISSMAN, of Chicago, for appellant.

DAVID F. SILVERZWEIG, of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Plaintiff appeals from an order of the municipal court, entered March 31, 1949, vacating and setting aside a prior judgment against defendants, entered January 3, 1949.

The record shows that on March 27, 1941, Charles H. Albers, receiver of the Sheridan Trust and Savings Bank, filed a statement of claim and cognovit for confession of judgment on a note for $19,600.49, together with interest amounting to $13,606, and $1,062 attorneys' fees, making in all $34,268.49 and costs. The clerk of the municipal court declined to enter judgment, presumably because the note showed on its face that it had matured more than ten years prior to the filing of the statement and cognovit, and on April 24, 1941, the clerk entered on the half sheet where orders and proceedings are noted, the following: "No judgment." Thereafter, fifteen months later, by means which do not appear of record, judgment by confession was entered on June 22, 1942, against the three defendants for the full amount of $34,268.49. Upon being served with execution, one of the defendants, Alex M. Golman, by his attorneys, Levinson, Becker, Peebles and Swiren, promptly filed a motion, sup-

407

ported by affidavit, to vacate the judgment by confession, or in the alternative to open the judgment and have leave to defend. The motion and affidavit urged that the judgment was void because the warrant of authority was barred by the statute of limitations, that the order "no judgment" entered April 24, 1941 was a final adjudication with respect to the right of plaintiff against defendant, and that defendant had a meritorious defense, the nature of which was set forth in his affidavit. September 1, 1942, an order was entered by JUDGE GREEN of the municipal court, the pertinent portion of which read as follows: "It is ordered by the Court that the order of June 22nd, 1942 be and it hereby is vacated and set aside." Although Golman's motion asked that the judgment be vacated or that, in the alternative, it be opened and he be given leave to defend the statement of claim, the alternative was never exercised since the court vacated the judgment.

After a hiatus of almost six years, during which no proceedings were had, plaintiff's present counsel, on August 20, 1948, filed what purported to be a notice addressed to "Levinson, Becker & Peebles, Attorneys for Alex M. Golman," that he would on that day appear before JUDGE HASTEN of the municipal court and move for leave to file a substitution of attorneys on behalf of plaintiff, and to have the case set for hearing. An order on that day allowed the substitution and set the cause for pretrial October 6, 1948 in room 1118 of the City Hall. On October 6, 1948, the matter was continued to January 3, 1949, on which date the ex parte judgment for $34,268.49 in favor of plaintiff against the three defendants was entered. February 21, 1949, more than thirty days after the entry of the judgment, an execution was issued, and served on Golman March 9, 1949. David F. Silverzweig, having been substituted for Levinson, Becker, Peebles and

Swiren as attorney for defendant Golman, on March 18, 1949, filed Golman's verified petition denying that either the law firm of Levinson, Becker, Peebles and Swiren, or Levinson, Becker and Peebles (a change in the membership of the firm having been effected since this litigation began) had received the purported notice filed August 20, 1948, seeking to reinstate the cause for hearing; he denied that either he or his attorneys had notice or knowledge of any of the proceedings commenced August 20, 1948 and culminating in the judgment of January 3, 1949; denied any knowledge whatever of the proceedings until he was served with the execution; alleged that he was then and had been for more than thirty years a practicing attorney in Chicago and that his profession was known to Maurice Weissman, plaintiff's present counsel; that his office and residence addresses are listed in the Chicago telephone directories, and his office address in the Chicago legal directories; and he again alleged that the judgment was void, that he had a meritorious defense to the action which he stated, and prayed that the judgment be vacated. In support of Golman's petition counsel presented the affidavits of Herbert Portes, the attorney who had charge of the cause for Levinson, Becker, Peebles and Swiren in 1942, but who had since severed his relations with that firm, although retaining in his possession the file relating to the cause, and the affidavit of Eleanor E. Vonasak, who was in charge of opening and distributing mail for Levinson, Becker and Peebles, and previously had been employed in the same capacity for Levinson, Becker, Peebles and Swiren, both denying receipt of the alleged notice or any knowledge of the proceedings commenced August 20, 1948 and culminating in the ex parte judgment sought to be vacated. No answer or counter-affidavits were filed to the petition, but on March 28, 1949, Charles Helberg, purporting to be

the assignee of the judgment, filed a motion to strike the petition. March 31, 1949, the court entered the order vacating the judgment of January 3, 1949.

■ The note upon which plaintiff had judgment by confession was dated February 26, 1931 and was payable on demand. The statement of claim and cognovit was filed March 27, 1941, more than ten years after the date of the note. As the principal ground for affirmance of the order appealed from, it is urged that where a note appears to be on its face barred by the statute of limitations, the warrant of attorney confers no authority to confess judgment. Obviously this had prompted the clerk of the municipal court to make the entry "no judgment" on the half sheet in his office. The recent case of *Parsons v. Lurie,* 400 Ill. 498 (1948), is in point. The question was there presented whether a warrant of attorney confers authority to confess judgment on a note after the same appears on its face to have been barred by the statute of limitations. Plaintiff in his complaint had set out fully the power of attorney in the note, and alleged that defendant had caused a judgment to be entered thereon by confession notwithstanding the fact that on the face of the note it appeared that enforcement was barred by the statute of limitations. That allegation was not denied. The court held that "if a judgment is void and execution should nevertheless be sued out, it would confer no authority whatever upon the officer executing it and a sale made under it and all official conveyances or other evidences of title founded thereon would be absolutely null and void. (*Meyer v. Mintonye,* 106 Ill. 414.)" Continuing, the court said: "We have held (*Matzenbaugh v. Doyle,* 156 Ill. 331, 336), that the warrant of attorney confers no authority to confess judgment on a note after the plaintiff's remedy for the debt thereby evidenced has become barred by limitation. If there was no authority to confess judgment on the note in question then the judgment is void and can be at-

tacked collaterally. We also held, in *Emory v. Keighan,* 88 Ill. 482, that the sale of land under a power in a deed of trust, after the debt secured by the deed has been barred by limitation, was void and passed no title to the purchaser. The rule that the Statute of Limitations is not available as a defense unless pleaded does not apply to a judgment entered upon a warrant of attorney. (*Matzenbaugh v. Doyle,* 156 Ill. 331.) Quoting from a Wisconsin case with approval, this court, on page 337 of the *Matzenbaugh* case, said: 'It is not reasonable to suppose that the party executing a warrant of attorney with a note intends to confer any authority by it beyond the life of the note. After that time no legal remedy can be had upon it unless the maker waives the benefit of the statute, and the warrant does not purport to give authority to waive that benefit for him. It can be fairly construed only as incident to the legal remedy upon the note during its life, and when that remedy is destroyed the incident perishes also. If, after that, the holder of the note desires to try the experiment whether the maker will waive the benefit of the statute, he should bring suit, so as to give him an opportunity.' We hold that the judgment by confession entered . . . in favor of appellant [defendant] and against the Hall-Heileman Company, was null and void and had no force and effect.'' In cases of confession of judgment, jurisdiction over the person to enter judgment is acquired through the warrant, and consequently if the warrant is void, the judgment so entered without authority is likewise void. We think the *Parsons* decision is controlling. The order of September 1, 1942 *vacated* a judgment which was void; it did not open the judgment, and completely ignored any further proceedings. Under the circumstances it was a final and appealable order which terminated the controversy then pending between the parties, and they evidently so considered it because during the ensuing six years no proceedings

whatever were had in the case. As said in *Walrod v. Manson,* 23 Wis. 393, "if after that the holder of the note desires to try the experiment whether the maker will waive the benefit of the statute, he should bring a suit so as to give him an opportunity." See also *Lake v. Cook,* 15 Ill. 353, and *Condon v. Besse,* 86 Ill. 159.

■ Considerable space is devoted in the briefs of the respective parties to the question of notice of the motion by which counsel sought to revive the case, which is alleged to have been mailed by plaintiff's counsel nearly six years after the judgment order of June 22, 1942 was vacated. At that time Charles H. Albers, receiver, the original plaintiff, no longer had any interest in the proceedings. The notice was signed by Maurice Weissman, not originally in the case, but who sought to be substituted as attorney for "Charles Helberg, Assignee." Levinson, Becker, Peebles and Swiren had represented Golman of record. Changes had subsequently been made in the membership of that firm, and Herbert Portes, who had been in charge of the litigation, formed a partnership under the firm name of Abell, Adelman, Portes and Abelman, with offices elsewhere. The notice speaks of a substitution of attorneys, but no copy of any substitution is attached to the notice; nor is there any indication as to how or through whom Helberg had become the "assignee." On the face of the notice he was a stranger to the proceedings. The purported notice stated that the assignee would move "to set the above case down for hearing." In the view we take there was nothing then pending to be heard. Attached to the purported notice was an affidavit of mailing, but it does not show how the mailing was accomplished, nor even state that it was deposited in the United States mails. Lastly, it appears that the notary public in the affidavit of mailing was the attorney who sought to be substituted as counsel for the new plaintiff, Helberg, to prosecute whatever interest he may have acquired in the pro-

412

ceeding. Even if this whole litigation had been susceptible of revival by mere notice, it would seem that as a matter of justice and fair play defendant was entitled to actual notice which could have been personally served upon him in his office within the "loop" where he had practiced law for approximately 30 years. A substantial amount was involved, and it would seem that common courtesy would have required something more than the abortive effort made to revive the litigation; defendant should have been given an opportunity to assert his defense, which we hold to have been a valid one.

Upon the record Golman's denial of the receipt of notice stands admitted. His sworn petition and supporting affidavits denied that the purportedly mailed notice had been received. No counter-affidavits were filed. Instead, plaintiff filed a motion to strike Golman's petition upon the sole ground that more than 30 days had elapsed since the entry of the judgment. In *Krebs v. Thompson,* 387 Ill. 471, where likewise no counter-affidavits were filed, it was held that "the affidavits, in so far as material, must be accepted as true." *Sunbeam Heating Co., Inc. v. Chambers,* 312 Ill. App. 382 (Abst.), is to the same effect, and in *Cummer v. Cummer,* 283 Ill. App. 220, where a cable was alleged to have been sent to the defendant residing in Algiers, and in the absence of any evidence that the cable was actually delivered, we held that defendant's affidavit that he had no notice, in the absence of any denial thereof, "was admitted by plaintiff's motion to strike same." Upon the facts shown in the instant proceeding, it would be a grave injustice to deprive defendant of his rights upon the type and manner of notice employed, and under circumstances reasonably indicating that the notice was never received.

In view of our conclusion on the two principal points raised by defendant, it will be unnecessary to discuss what appears to be a meritorious contention, namely,

that "Charles Helberg, Assignee," is a stranger to the suit and without authority to prosecute this appeal. For the reasons indicated, the order of the municipal court is affirmed.

*Order affirmed.*

SCANLAN and SCHWARTZ, JJ., concur.