Harold J. Green, and Jules R. Green, d/b/a G. & G.
Finance Co., Appellees, v. Harry J. Walsh, and
Martha M. Walsh, Appellants.

Gen. No. 46,517.

First District, First Division.
April 18, 1955.
Released for publication May 23, 1955.

Stephan, Cuisinier & Gillespie, of Chicago, for appellants; Carl Pomerance, and Francis X. Cuisinier, both of Chicago, of counsel.

Ash & Anos, of Chicago, for appellees; Joseph Ash, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from an order denying their motion to vacate a judgment by confession for $15,553.72 entered against them on their guaranty of payment of a promissory note dated Milwaukee, Wisconsin, February 12, 1951, payable to themselves under the name of Lake Shore Machinery Company and by them en-

dorsed and delivered to plaintiffs, doing business as G. & G. Finance Co.

The judgment was entered May 28, 1952. January 22, 1954 defendants entered their special and limited appearances for the sole purpose of objecting to the jurisdiction of the court of the persons of defendants and moving to vacate the judgment. The motion was supported by the joint affidavit of defendants, stating that the guaranty was made, executed and delivered in Milwaukee, Wisconsin on the 14th day of February 1951, and that at the time of the execution and delivery of the note and guaranty, and at the time the judgment was entered, defendants resided in Milwaukee county, Wisconsin and that they owned no property and did no business in Cook county, Illinois on and after February 12, 1951, up to and including May 28, 1952. The court ignored counteraffidavits filed by plaintiffs. The order appealed from recites:

". . . The Court having heard the arguments of counsel and having read and considered the affidavit of the defendants filed herein, . . . It is hereby ordered that the motion of the defendants to vacate the judgment be and the same is hereby denied."

Defendants contend that the judgment is void for want of jurisdiction of the defendants under section 50(5) of the Civil Practice Act (Ill. Rev. Stats. 1953, Chap. 110, sec. 174 [Jones Ill. Stats. Ann. 104.050]) which authorizes confessions of judgment, provided that the

". . . application to confess judgment, whether made in term time or vacation, shall be made in the county in which the note or obligation was executed or in the county where one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than these herein specified shall have no force or valid-

537

ity, anything in the power to confess to the contrary notwithstanding."

Plaintiffs' position, as stated in their brief, is that the judgment was entered in term time and "Therefore, the confession judgment was voidable, and not void, and it was incumbent on the defendants to allege diligence and that they do not owe the amount of money represented by the judgment." To support their position plaintiffs rely on Ray v. Moll, 336 Ill. App. 360, from which they quote as follows:

"A judgment confessed in open court under the circumstances stated above is a voidable judgment only because the authority of the attorney to confess judgment in open court is presumed. Such judgment remains voidable until the presentation of evidence by the defendant to vacate said judgment including whether the debt is actually owed. . . . Judgment confessed in vacation where neither the power of attorney nor the affidavit is sufficient to give the court jurisdiction of the defendant, results in a void rather than a voidable judgment. Anyone may attack it. Whether the defendant actually owed the debt is not material. (Desnoyers Shoe Co. v. First Nat. Bank, 188 Ill. 312.)"

In Desnoyers Shoe Co. v. First Nat. Bank, judgment by confession had been entered in vacation on eight promissory notes. The Supreme Court held that because of want of an affidavit proving the execution of the warrants of attorney by the defendant, no jurisdiction was acquired over the person of the defendant, the judgment entered against him was a nullity, and that the rule requiring a defense on the merits as a condition to setting aside the judgment by confession had no application. We find nothing in this case or in any other case we can find warranting a holding that a judgment by confession entered without jurisdiction of the person of the defendant is voidable only, if en-

538

tered in open court, and void if entered by the clerk in vacation.

■ As said in the early case of Campbell v. McCahan, 41 Ill. 45: "The jurisdiction of both the subject-matter and of the person is essential to the validity and binding force of a judicial sentence. If either of these jurisdictional facts is wanting, then the sentence or decree of the court is void." In judgments by confession, jurisdiction of the defendant is acquired by the entry of his appearance under the authority of 'the warrant of attorney. If the attorney exceeds the authority granted, the judgment is a nullity. White v. Jones, 38 Ill. 159, 164. The Illinois statute fixes the venue in which judgment may be confessed and limits the entry of appearance under the warrant of attorney, however worded, to counties in which the obligation was executed or in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. It expressly declares that any judgments entered in any other county, whether entered in term time or in vacation, shall have no force or validity. This is an express declaration that the judgments are void. The statute has been so construed. May v. Chas. O. Larson Co., 304 Ill. App. 137; Rixmann v. Witwer, 327 Ill. App. 205 (abst.). In May v. Chas. O. Larson Co., relief was denied because the defendant had entered a general appearance and moved, on equitable grounds, that the judgment be opened up so that a defense might be made. Some months later, after the first motion had been denied, it attempted to set up the want of jurisdiction of the person. It was then held that want of jurisdiction of the person had been waived by the entry of the general appearance. The court said (p. 149):

"There is no question that if defendant had urged specially in its first motion to vacate that the court lacked jurisdiction of the person of defendant on the

539

ground that the latter's only place of business and residence was in Whiteside county and that the notes were executed there, the court was bound to vacate the judgment by confession and dismiss the suit. However, in our opinion the statutory limitation as to venue is waived unless the question of such limitation is raised at the earliest moment."

■■■ Defendants in the instant case avoided the mistake of defendant Larson. They entered a special and limited appearance for the sole purpose of questioning the jurisdiction of the court, and moved to vacate the judgment. The facts stated in their affidavit are sufficient to require vacation of the judgment and dismissal of the action. The judgment being void, laches is not a defense to allowance of the motion to vacate (Ray v. Moll, 336 Ill. App. 360, supra, and cases cited), and a defense on the merits need not be shown. Gillham v. Troeckler, 304 Ill. App. 596; Desnoyers Shoe Co. v. First Nat. Bank, 188 Ill. 312, supra. Rule 26 of the Supreme Court regulates the practice on motions to open up a judgment by confession and does not purport to cover motions to vacate such judgments for want of jurisdiction. Rule 47, section 3 of the Rules of Practice of the circuit court, insofar as it purports to deny the right to vacate a judgment by confession for want of jurisdiction except when the defect appears on the face of the record, is invalid. It deprives litigants of a substantial right and is an attempt to legislate. 14 Am. Jur., Courts, sec. 152. Plaintiffs filed counteraffidavits raising an issue as to the place of execution of the guaranty of payment of the promissory note. This issue should be determined.

The order appealed from is reversed and the case is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

BURKE, P. J. and FRIEND, J., concur.