Julius B. Goldberg, and Hal D. Cantin, Appellees, v. Omer W. Schroeder, and Frank P. Celeste, Defendants.
On Appeal of Omer W. Schroeder, Appellant.

Gen. No. 46,758.

First District, First Division.

May 7, 1956.

Released for publication June 12, 1956.

186

BURKE, J., dissenting.

Ettelson & O'Hagan, of Chicago, for appellant; Leonard B. Ettelson, and Robert E. Samuels, both of Chicago, of counsel.

Shaffer, Seelig, Mandel & Shapiro, of Chicago, for appellees; David Edward Malfar, and Ellis Shaffer, both of Chicago, of counsel.

JUDGE NIEMEYER delivered the opinion of the court.

Omer W. Schroeder, hereinafter called defendant, appeals from an order overruling his motion to vacate a judgment by confession for $100,295.49 entered January 24, 1955 against him and Frank P. Celeste, hereinafter sometimes called co-defendant, as signers of an installment judgment note dated Chicago, Illinois, November 13, 1954 and payable to plaintiffs in the principal sum of $95,000.

Defendant appeared specially for the sole and limited purpose of objecting to the jurisdiction of the court over his person, and moved to vacate the judgment on the ground that the purported warrant of attorney on which the judgment was confessed was void. Plaintiffs moved to strike the motion and the special and limited appearance of defendant. The

latter answered the motion to strike, attacking the constitutionality of Rule 47, section 3 of the Circuit Court of Cook county on which plaintiffs' motion was in part based. No evidence was heard. No order was entered on plaintiffs' motion to strike. The motion to vacate the judgment was overruled.

In the motion to vacate defendant alleges that the purported promissory note on which the judgment was confessed is not the original note it purports to be, but is a carbon copy; that the only true warrant to confess judgment on any note in the sum of $95,000 dated November 13, 1954 signed by defendant is in an original installment note drafted pursuant to the terms of an agreement, a copy of which is marked Exhibit A and attached to and made a part of the motion; that the original note was never delivered by the makers to plaintiffs or either of them, because, as particularly appears from Exhibit A, its delivery was conditioned upon the note being signed by four persons (First Parties to the agreement) and upon approval by the makers of the note and others (Second Parties) of certain audits; that neither condition was fulfilled, and the note and warrant contained therein are void and of no effect.

Exhibit A is a copy of an agreement "made and entered into at Chicago, Illinois this 13th day of November 1954" by and between defendant, Maxine Schroeder, Frank P. Celeste and Margaret Celeste, collectively called First Parties, and plaintiffs, collectively called Second Parties, under the terms of which Second Parties agreed to sell and First Parties agreed to purchase all right, title and interest of Second Parties (whatever, if any, such interest may be) in the stock of Bagley-First-State Corporation and Town House Corporation, at a price to be determined by an audit of the respective corporations to cover all of the cash advances by the Second Parties, plus all management and accounting fees, computed as of the close of

business on November 30, 1954, except that in no event shall the purchase price be less than $100,000 plus the management and accounting fees as determined by the audit, or more than $130,000—the minimum of $100,000 to be paid: $5,000 in cash on the execution of the agreement, and $95,000 evidenced by the promissory note of the First Parties, payable in the amounts and at the times stated in the agreement, and the amount in excess of $100,000 as determined on the completion and acceptance of the audit by all the parties to the agreement and evidenced by the promissory note of the First Parties, payable in the amounts and at the times specified.

The agreement further provided that immediately upon the payment of the $20,000 payable under the terms of the note for $95,000, on or before January 10, 1955, the resignations of the respective plaintiffs as officers and directors of the respective corporations shall be effective without the execution of any further writings or instruments, and the right, title and interest (if any) of the Second Parties in the stock of the corporations shall be transferred to defendant and Frank P. Celeste; that all obligations and promises of the First Parties and Second Parties under the contract are joint and several.

In the affidavit in support of the motion to vacate the judgment defendant states that he has read the motion and the same is true; that on or about November 13, 1954, at Chicago, he signed an installment promissory note for the sum of $95,000, and an agreement bearing that date, a copy of which is attached to the motion to vacate; that pursuant to the agreement the original note was to be delivered when the audit referred to in the agreement had been completed and accepted; that at the time of executing the agreement Frank P. Celeste, co-defendant herein, took the original note, agreement and other papers with him, and, as of the date of the affidavit (February 10, 1955), the

note was still in the possession of Celeste and had not been delivered to plaintiffs, or either of them; that affiant is unable to state by what means a copy of the note came into the possession of plaintiffs; that before the note was to be delivered it was to be signed by the First Parties as a condition precedent to the effectiveness of the agreement and all of the signatures were never affixed thereto; that the audit was never accepted by all the parties to the agreement and the defendants have never received from the plaintiffs all their right, title and interest in and to the stock of the two corporations.

Plaintiffs moved to strike the motion and the special and limited appearance of defendant on the grounds that it did not appear on the face of the record that the warrant was invalid or that for any other reason the court was without jurisdiction to enter judgment—a condition of a motion to vacate a judgment by confession under Rule 47, section 3 of the rules of the Circuit Court of Cook county; that the petition was insufficient, as a matter of law, to be treated as a motion to open the judgment; that the motion and affidavit attached thereto fails to set up a defense to the merits and is insufficient under Rule 47 of the Circuit Court of Cook county and Rules 26 and 15 of the Supreme Court of Illinois [Ill. Rev. Stats. 1953, ch. 110, §§ 259.26, 259.15]; that the affidavit is insufficient as a matter of law in that it attempts to vary the terms of the note, warrant of attorney contained therein, and the agreement referred to in the motion and affidavit. In answering the motion to strike, defendant urged the unconstitutionality of Rule 47, section 3 of the rules of the Circuit Court of Cook county under the constitutions of the State of Illinois and the United States.

Defendant's motion is a motion to vacate the judgment for want of jurisdiction of his person and is unlike a motion to open a judgment for the purpose of

interposing a defense. As we have previously held, in Green v. Walsh, 5 Ill.App.2d 535, it is not necessary that the defendant show a meritorious defense to the note; Rule 26 of the Supreme Court of Illinois regulates the practice on motions to open up judgments by confession and does not purport to cover motions to vacate such judgments for want of jurisdiction; Rule 47, section 3 of the rules of practice of the Circuit Court of Cook county, in so far as it purports to deny the right to vacate a judgment by confession for want of jurisdiction except where the defect appears on the face of the record, is invalid.

■ As also held in Green v. Walsh, jurisdiction of the person of the defendant is acquired by the entry of his appearance under authority granted in the warrant of attorney. If for any reason the warrant of attorney is void or ineffective, the judgment is void for want of jurisdiction unless the lack of jurisdiction is waived by entering a general appearance. May v. Chas. O. Larson Co., 304 Ill. App. 137. In the instant case, as in Green v. Walsh, defendant appeared specially for the limited purpose of questioning the jurisdiction of the court by moving to vacate the judgment for want of jurisdiction. The question presented is whether the facts stated in the motion and the affidavit supporting it show a lack of jurisdiction.

■ The grounds urged for vacating the judgment are, that the instrument attached to the complaint is a carbon copy and not the original judgment note and warrant of attorney it purported to be; that the original note was never delivered to the plaintiffs, or either of them, and that it was never a binding obligation because of the failure of all the First Parties to the contract to sign it, and because of the failure of all the parties to the contract to accept the audit referred to in the agreement. The motion and affidavit supporting it contain statements of the intent and purpose of cer-

191

tain acts done by them. These statements, without facts showing such purpose and intent, are conclusions of law. Aaron v. Dausch, 313 Ill. App. 524; Keefer v. United Elec. Coal Cos., 292 Ill. App. 36, 46.

From the motion and affidavit it appears, by proper statement, that the original agreement and note are in the hands of the co-defendant, Frank P. Celeste; that neither has been delivered to plaintiffs or either of them; that the instrument on which the judgment was confessed is a carbon copy of the original note and warrant of attorney; that defendant does not know by what means a copy of the note came into the possession of plaintiffs; that neither Maxine Schroeder nor Margaret Celeste, parties of the first part, signed the agreement or the note; that the audit specified in the agreement was never accepted by all the parties to the agreement. By the terms of the agreement the note evidencing the deferred payments of $95,000 was to be signed by all the First Parties—Maxine Schroeder and Margaret Celeste, as well as the defendant and his co-defendant. There is nothing before us indicating that either the agreement or the note was executed or intended to be executed in duplicate, and that the instrument on which the judgment was confessed is a duplicate original, as contended by plaintiffs. Neither is there anything before us to support plaintiffs' argument that Maxine Schroeder and Margaret Celeste were to be merely sureties on the note.

██ The terms of the agreement do not support defendant's contention that the note was not to become effective until the audit was completed and accepted by all the parties to the contract. The agreement expressly states that the note for $95,000 was to be signed by all the parties of the first part. Therefore the note was not a completed instrument binding the signers until signed by all the parties of the first part. Knight v. Hurlbut, 74 Ill. 133; Belleville Sav. Bank v.

Bornman, 124 Ill. 200; Skiles-Rearick & Co. v. Brooks, 215 Ill. App. 500. The signing of the note by all the parties of the first part is a condition precedent to the validity of the note and warrant of attorney contained therein, and defendant has properly pleaded that fact. It follows, in the absence of an issue of fact, that the judgment confessed is void for want of a valid and binding warrant of attorney.

 The allegation, in the motion to vacate, that the instrument upon which the judgment was confessed "is not the original of the installment promissory note it purports to be, but is a carbon copy of such a note," is a statement of fact. It is, in legal effect, a statement that the instrument upon which the judgment was confessed is neither an original nor a duplicate. In common and legal acceptation of the word, a "copy" is not an "original." Words and Phrases, Permanent Edition, Vol. 9, page 633. A duplicate is not a copy. People ex rel. Roche v. Chicago & E. I. Ry. Co., 315 Ill. 424, 427, and cases cited. In Hayes v. Wagner, 220 Ill. 256, where a contract had been executed in duplicate, each of the parties keeping an original, the court said (p. 260):

"A duplicate is defined as a document which is the same, in all respects, as another instrument from which it is indistinguishable in its essence and operation. (10 Am. & Eng. Ency. of Law,—2d ed.—318.) Instruments are executed in duplicate so that each party may have an original, and one is not a copy of the other, but both are primary evidence. In order to introduce an original duplicate it is not necessary that the other should also be produced, but to admit secondary evidence of the contents of one it is necessary to show the loss of both. (1 Greenleaf on Evidence, sec. 558.)"

Without pointing to anything in the record supporting their position, counsel for plaintiffs assert that the

instrument on which judgment was confessed is a duplicate copy. Statements of counsel are not evidence. The sworn statement of defendant that the purported note attached to the complaint is a copy, stands uncontradicted in the record. The warrant of attorney before the court is a nullity and could not give the court jurisdiction of the person of the defendant.

The court erred in overruling defendant's motion. The order is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEND, P. J., concurs.

BURKE, J., dissenting.

The judgment is regular on its face and is entitled to the same presumptions as to validity as would be indulged in favor of a judgment entered after service of process. Mitchell v. Comstock, 305 Ill. App. 360, 371. The execution and delivery of the note in suit is admitted by the appellant.

It will be noted that the apellant evades a discussion of the note on which the instant action is based. The fact that another note was executed and not delivered would not be a defense to the note in suit. There is no allegation by the appellant of the requirement for or lack of additional signatures in the note in suit. There is no provision in the agreement that the wives' signatures were a condition precedent to the husbands' liability. The wives were not given any interest in the stock. All consideration ran to the defendants. The additional security afforded by the wives' signatures was solely for the benefit of the plaintiffs and could be waived by the plaintiffs. The agreement also provides that all obligations and promises of the parties are joint and several. The agreement does not support

194

appellant's contention that the note in suit was not intended by the parties to have immediate effect.

The agreement cannot be construed to require, as appellant argues, the approval of the audit as a condition precedent to any liability under the contract or the $95,000 note. It will be observed that the appellant does not deny the payment of the $5,000 in cash to the plaintiffs, which sum was to be paid simultaneously with the execution and delivery of the note for $95,000. The provisions of the note in suit are identical with the provisions of the note required to be made and delivered under the agreement. The agreement price of $100,000 was to be paid on the execution of the agreement by $5,000 in cash and a note for $95,000. A second note not to exceed $30,000 was to be executed for the balance of the purchase price above $100,000 as determined by a complete audit. The audit would not affect defendants' liability under the $95,000 note.

The case of Green v. Walsh, 5 Ill.App.2d 535, has no application to the factual situation in the instant case. In the Green case we held that under the statute which fixes venue in which judgment may be confessed and limits entry of appearance under warrant of attorney to counties in which obligation was executed, or in which one or more of the defendants resides or in any county in which is located any property owned by any one or more of the defendants, any judgment entered in any other county whether entered in term time or in vacation, is void. In that case the affidavit of the defendants showed that the note was made, executed and delivered in Milwaukee and that at the time of execution, delivery and guaranty the defendants resided in Milwaukee and that they owned no property and did no business in Cook county from the time the note was executed to the day the judgment was entered. We held that the court had no jurisdiction to enter the judgment and that defendants proceeded properly in

moving to vacate the judgment. In the case at bar the note was executed in Cook county. The Circuit Court of Cook county had jurisdiction to enter the judgment. The motion to vacate was inappropriate.

There is no basis in the record for any alleged defense of intent, nondelivery or conditional delivery. The appellant does not state any ultimate facts which would authorize the court to vacate or open up the judgment. His motion and affidavit consists solely of conclusions and immaterial allegations and is contradictory and uncertain. The order of the Circuit Court of Cook county should be affirmed.