Julius B. Goldberg and Hal D. Cantin, Plaintiffs, v. Omer W. Schroeder and Frank P. Celeste, Appellees.
On Appeal of Julius B. Goldberg, Appellant.

Gen. No. 47,269.

First District, Third Division.
February 19, 1958.
Released for publication March 7, 1958.

Shaffer, Seelig, Mandel & Shapiro (David E. Malfar, and Ellis Shaffer, of counsel) for appellant.

Ettelson & O'Hagan (Robert E. Samuels, and Leonard B. Ettelson, of counsel) for appellee.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

On January 24, 1955, a judgment by confession for $100,295.49 was entered in favor of Julius B. Goldberg and Hal D. Cantin and against Omer W. Schroeder and Frank P. Celeste. Schroeder appeared specially for the sole and limited purpose of objecting

to the jurisdiction of the court over his person and moved to vacate the judgment on the ground that the purported warrant of attorney on which the judgment was confessed was void. Plaintiffs moved to strike the motion and the special and limited appearance. Defendant answered the motion to strike, attacking the constitutionality of Rule 47, section 3, of the Circuit Court of Cook county on which plaintiff's motion was in part based. No evidence was heard. No order was entered on plaintiffs' motion to strike. The motion to vacate the judgment was overruled. On appeal of the defendant, Schroeder, this court reversed the order overruling his motion to vacate the judgment and remanded the cause for further proceedings consistent with the opinion. 10 Ill.App.2d 186.

Julius B. Goldberg, one of the plaintiffs, filed the mandate and opinion. The trial court however denied this plaintiff's motion to file his answer to Schroeder's motion to vacate the judgment. A copy of the answer and a supporting affidavit which the plaintiff proposed to file were served on all the parties. Thereupon an order was entered sustaining the motion of defendant to vacate the judgment and vacating and holding for nought the judgment "in conformity with the judgment of the Appellate Court." Goldberg prosecutes this appeal.

At the outset we face the contention of defendant that the orders from which the appeal is prosecuted are not appealable. The defendant points out that this court held the appearance and judgment to be void; that upon remand the trial court vacated the judgment; that the case is now pending on the complaint; and that the next step should be the issuance of summons and service thereof in order to obtain jurisdiction over the person of the defendant. We are of the opinion that the order vacating the judgment pursuant to defendant's motion in support of his

special and limited appearance is a final and appealable order. The defendant's appearance is special and limited and for the sole purpose of questioning the jurisdiction of the trial court to enter the judgment by confession against him. The courts distinguish between a case where a judgment by confession is vacated under a special and limited appearance and cases where judgments by confession are vacated, but the defendant's appearance is general and the court is in a position to determine any issues that may be joined. In Woerter v. Halperin, 340 Ill. App. 406, the court said (411):

"The order of September 1, 1942 *vacated* a judgment which was void; it did not open the judgment, and completely ignored any further proceedings. Under the circumstances it was a final and appealable order which terminated the controversy then pending between the parties. . ."

The case of Farmers Bank of North Henderson v. Stenfeldt, 258 Ill. App. 428, discusses the distinction between opening and vacating a judgment by confession. In that case the court found that the order "was really intended to open up the judgment and grant leave to the defendant to plead." Nevertheless, the opinion found that the quashing of the execution constituted reversible error and remanded the cause with directions to modify the order and continue the execution in force until the final determination of the cause upon its merits. In the Stenfeldt case the court rejected the contention that the order sought to be reviewed was not appealable. We have carefully read the cases cited by defendant on this point and are of the opinion that they do not support his position. Therefore, defendant's motion to dismiss the appeal is denied.

It was evidently the view of the trial judge that the opinion and mandate of this court precluded the plain-

tiff from raising an issue of fact by answer. A reading of the mandate and opinion discloses no language prohibiting the plaintiff from raising an issue of fact by answer or directing the trial judge to vacate the judgment by confession. The mandate and opinion reversed the order overruling the defendant's motion to vacate the judgment and remanded the cause for further proceedings consistent with the opinion. Our previous opinion determined the question of law as to the legal sufficiency of the allegations of defendant's motion to vacate the judgment by confession. The issues determined in the previous opinion were the issues that would of necessity have been adjudicated upon a hearing and determination of plaintiff's motion to strike defendant's motion to vacate the judgment by confession.

The orders of the Circuit Court of Cook county denying plaintiff's motion to file his answer and vacating the judgment by confession are reversed and the cause is remanded with directions to overrule plaintiff's motion to strike defendant's motion to vacate and his special and limited appearance, and to allow plaintiff to file his tendered answer to the motion and for further proceedings consistent with our opinion.

Orders reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.