714

FRANCIS G. STOKES, Plaintiff-Appellee, v. WILBUR D. WELLS, Defendant-Appellant.

First District (1st Division)   Nos. 85—1232, 85—1490 cons.

Opinion filed June 2, 1986.

Keck, Mahin & Cate, of Chicago (Robert K. Nieman, of counsel), for appellant.

Shearer, Blood, Agrella & Boose, of St. Charles (Kenneth L. Kaergard, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Wilbur Wells, appeals from the denial of his motion to set aside a judgment by confession on a promissory note entered in favor of plaintiff, Francis Stokes. Defendant contends that the judgment is not valid because the statutory requirement that he reside in Cook County at the time of filing of this action was not met. We agree.

In 1983, defendant and his wife executed a promissory note payable to the order of plaintiff. One of its provisions allowed for confession of judgment upon default. On February 17, 1984, plaintiff filed suit for confession of judgment in the circuit court of Cook County, alleging that "one or more of the defendants reside in this county." On February 22, 1984, judgment by confession was entered against defendant. The judgment was confirmed on the morning of October 16, 1984. That afternoon defendant appeared specially to file a motion to set aside the judgment by confession and dismiss plaintiff's complaint for lack of jurisdiction. He alleged that he was a resident of Missouri and not of Cook County. The motion was denied and the

judgment was confirmed. On December 7, 1984, another attempt to challenge the confession of judgment was denied. On January 7, 1985, defendant filed a "motion for rehearing or, in the alternative, for modification or vacation of judgment." It is from the denial of this motion that defendant appeals.

■■ As a threshold matter, plaintiff asserts that defendant's appeal should be dismissed because he failed to file security for costs required of nonresidents by section 5—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 5—101), in a manner consistent with his position that he was not a resident of Cook County. This contention apparently was not raised in the court below and Supreme Court Rule 364 governs security for costs in a appellate context. (87 Ill. 2d R. 364.) Under that rule, dismissal is discretionary, not mandatory. (See *Lyons Brothers Lumber & Fuel Co. v. Shepherd* (1980), 81 Ill. App. 3d 213, 220, 400 N.E.2d 975.) Under the circumstances of this case, dismissal is not warranted.

The only remaining issue on this appeal is whether defendant resided in Cook County at the time when suit was filed. If he did not, then the circuit court of Cook County was not the proper venue under section 2—1301(c) of the Code of Civil Procedure. Section 2—1301(c) provides in pertinent part:

> "The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding." Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(c).

The trial court refused to vacate the judgment by confession based solely on its finding that defendant resided in Cook County for purposes of section 2—1301(c). In making its finding, the trial court relied on the "flexible approach" to the issue of residency adopted by the Federal district court in *United States v. Scott* (N.D. Ill. 1979), 472 F. Supp. 1073, *aff'd* (N.D. Ill. 1980), 618 F.2d 109, *cert. denied* (1980), 445 U.S. 962, 64 L. Ed. 2d 238, 100 S. Ct. 1650. The *Scott* court recognized that the term "reside" has no fixed legal definition, (472 F. Supp. 1073, 1076), and in deciding the meaning of "reside" in a Federal venue statute pertaining to internal revenue prosecutions looked to: (1) the situation–existing at the time of enactment which the statute was designed to cure; (2) the legislative history of the stat-

ute; and (3) the plain meaning of the term considered within the context of the statute. 472 F. Supp. 1073, 1076.

In *Scott*, these factors reflected a legislative concern that a defendant receive a convenient forum, but did not require that he be prosecuted where he is domiciled. Defining domicile as residence and the intent to reside indefinitely in a particular place, the *Scott* court implicitly recognized that a person can reside in more than one place, but can have only one domicile. (*United States v. Scott* (N.D. Ill. 1979), 472 F. Supp. 1073, 1078.) Accordingly, the *Scott* court found that defendant resided in the Northern District of Illinois for purposes of the venue statute, notwithstanding his claim that he was domiciled elsewhere, because he maintained an apartment in the Northern District, gave that address as his "permanent residence" on a passport application, and signed his tax returns there. 472 F. Supp. 1073, 1077.

■ Even if we accept that the extended analysis of Scott is appropriate in the case at bar, we do not believe that it supports the trial court's decision. Although the abuses which section 2–1301(c) was designed to cure and its legislative history are somewhat obscure, the parties agree that the history behind the statute reflects an interest in protecting defendants from abuses of powers to confess judgment. (See *Investors Commercial Corp. v. Metcalf* (1957), 13 Ill. App. 2d 99, 140 N.E.2d 924; see also *French v. Willer* (1888), 126 Ill. 611, 18 N.E. 811.) In keeping with that interest, courts require that the statute be strictly complied with in confessing judgment. *Investors Commercial Corp. v. Metcalf* (1957), 13 Ill. App. 2d 99, 102, 140 N.E.2d 924.

■ Turning to the meaning of "reside" in the context of this statute, section 2–1301(c) regulates the procedure to be followed in entering a judgment by confession and limits the venue in which judgment may be confessed. (*Green v. Walsh* (1955), 5 Ill. App. 2d 535, 539, 126 N.E.2d 398; *May v. Chas. O. Larson Co.* (1940), 304 Ill. App. 137, 149, 26 N.E.2d 139.) One of the limitations specified by the plain language of section 2–1301(c) is the requirement that one or more of defendants reside in the county at the time of filing. A judgment entered in any other county is void. Ill. Rev. Stat. 1983, ch. 110, par. 2–1301(c); *Green v. Walsh* (1955), 5 Ill. App. 2d 535, 126 N.E.2d 398.

■ In order to establish residency for purposes of section 2–1301(c), courts require something more than mere physical presence or periodic visits. (See *Zipperman v. Wiltse* (1943), 317 Ill. App. 654 (abstract of opinion).) In *Zipperman*, the evidence established that a married woman, who cosigned a note with her husband, resided in Cook County for purposes of the predecessor of section 2–1301(c)

rather than in the county where her husband resided because she was legally separated from her husband, had an abode and a place of business in Cook County and spent every business day there. 317 Ill. App. 654.

■ Interpreting "reside" in section 2—1301(c) as connoting that defendant has a settled abode or makes his home in the county at the time of filing (see Black's Law Dictionary 1176 (5th ed. 1979)) furthers the interest in preventing abuses of powers to confess judgment, and is consistent with the rule giving statutory language its plain and ordinary meaning. *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194, 381 N.E.2d 222 (stating general rule).

■ Applying the foregoing law to the evidence submitted by plaintiff, we believe the trial court's finding of residency must be reversed. Plaintiff does not dispute that defendant resided in Missouri, but he asserts that defendant also resided in Cook County for purposes of section 2—1301(c). Plaintiff stresses that defendant frequently stayed in a company-owned apartment in Cook County which he referred to as his home in the area. It is undisputed, however, that the company (in which defendant was an officer and shareholder) gave up the apartment well before the initiation of this litigation. Plaintiff also points to the fact that defendant was served with process in Cook County as demonstrating a continuing presence in Cook County. However, this is not persuasive evidence of residence since defendant was served *after* filing of this action at a branch office of his company, not at his abode or residence. Finally, the allegation in plaintiff's verified complaint that defendant was a resident of Cook County cannot, without more, establish residency. Even assuming that defendant maintained business interests in Cook County, we find that the evidence submitted by plaintiff, whether considered separately or in combination, does not sufficiently demonstrate that defendant resided in Cook County at the time of filing of this confession of judgment action.

In view of our determination and the fact that the trial court decided defendant's motion on the basis of residency, the judgment of the trial court is void. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(c); *Green v. Walsh* (1955), 5 Ill. App. 2d 535, 539-40, 126 N.E.2d 398.) Consequently, the order appealed from is reversed and the cause remanded with instructions to vacate the judgment and dismiss the suit.

Reversed and remanded with instructions.

CAMPBELL and BUCKLEY, JJ., concur.