Harold J. Green and Jules R. Green, Doing Business as G. & G. Finance Co., Appellees, v. Unity Container Corp. et al.
Appeal of Harry J. Walsh and Martha M. Walsh, Appellants.

Gen. No. 46,607.

First District, Second Division.

October 4, 1955.

Rehearing denied November 2, 1955.

Released for publication November 3, 1955.

Stephan, Cuisinier & Gillespie, of Chicago, for appellants; Carl Pomerance, and Francis X. Cuisinier, both of Chicago, of counsel.

Ash & Anos, of Chicago, for appellees; Joseph Ash, of Chicago, of counsel.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of the Circuit Court denying certain defendants leave to open up a judgment by confession previously entered.

On February 12, 1951, at Milwaukee, Wisconsin, Unity Container Corporation, an Illinois corporation,

executed a principal note in the sum of $14,560 payable to the Lake Shore Machinery Co. On February 15, 1951, at Milwaukee, Wisconsin, Harry J. Walsh and Martha M. Walsh, doing business as Lake Shore Machinery Co., endorsed and delivered the note to the plaintiffs. The face of the note contained a warrant of attorney authorizing judgment by confession against the Unity Container Corporation. On the back of the note was an endorsement by which the Walshes guaranteed payment and authorized the maker to obtain extensions, and in which was included a warrant of attorney to confess judgment against the endorsers. Also on the back of the note was a "seller's recourse endorsement," by which the Walshes guaranteed payment of the note, and which further provided that it should not be enforceable against them if the makers of the note paid the "first ——— installments," each within fifteen days of its respective maturity, and incorporated therein was a warrant of attorney to confess judgment.

On May 28, 1952 the plaintiffs confessed judgment on the note against the Walshes in the Circuit Court, case No. 52 C 6349, in the amount of $15,553.72. On January 22, 1954 the defendants filed a motion therein to vacate the judgment based on the ground that the Walshes were nonresidents of Cook County, that they owned no property and did no business in the said county, which motion by order of the Circuit Court was denied Februray 5, 1954. On May 4, 1954 the Walshes filed notice of appeal, which appeal was perfected, and the order of the Circuit Court was reversed in Green v. Walsh, 5 Ill.App.2d 535.

On May 27, 1954 the plaintiffs obtained a judgment by confession in the instant action in the Circuit Court of Cook County, in the amount of $13,692.28, against the defendants, Harry J. Walsh and Martha M. Walsh and the Unity Container Corporation, pursuant to the

warrant of attorney in the principal note and the warrant of attorney contained in the Walshes' "recourse" endorsement on the reverse of the note. On June 25, 1954 the Walshes filed a special and limited appearance and a motion, supported by affidavits, objecting to the jurisdiction of the court and moving to vacate the judgment, alleging, among other things, that the note and guaranty in question were not executed in the County of Cook and State of Illinois; that the Walshes are not residents of Cook County; that they have no property, real or personal, within said County; that judgment had been entered previously on the same power of attorney and identical guaranty in case No. 52 C 6349 in the Circuit Court; that the maker of the note had been adjudicated a bankrupt in the United States District Court for the Northern District of Illinois. On July 1, 1954 the court entered an order denying the defendants' motion.

On July 16, 1954 the Walshes filed a motion, supported by affidavits, to open up the judgment, in which, after reasserting all matters contained in their affidavit of June 25, 1954, they alleged that they have a meritorious defense to the action in that the warrant of attorney had been exhausted by the previous judgment; that the note was endorsed without consideration; that the note is usurious; that the plaintiffs have been fully paid inasmuch as they received $6,040.50 from the sale of machinery in the bankruptcy proceedings of the Unity Container Corporation, and in addition thereto the said plaintiffs rejected bids totaling $2,675 for certain other machinery and in lieu thereof took physical assets for which a bid of $2,675 had been made; that the plaintiffs failed to give defendants credit for a payment of $600 made by the defendant corporation to plaintiffs; that the plaintiffs, without knowledge or consent of the Walshes, extended time of payment to the maker corporation at a time

218

when it was unable to meet its obligations and was facing bankruptcy. The plaintiffs filed a counter-affidavit setting out that the matters raised under the previous motion had been passed on by the court on July 1, 1954 and was res judicata; that the defendants had failed in their affidavit to state that they are not indebted to the plaintiffs and that their petition contains merely legal conclusions; that the judgment entered by the court in case No. 52 C 6349 and the judgment entered in the instant case were entered on separate warrants of attorney and that the judgment in the previous case has not been satisfied; that the allegation that the note sued on was without consideration was a legal conclusion, as is the allegation that the note is usurious. Plaintiffs acknowledged that they received $6,040.50 from the sale of machinery in the bankruptcy proceedings of the Unity Container Corporation, but say that as an incident thereto they incurred insurance expenses of $1,672.35, travel expenses of $650, and attorneys' fees of $750, or a total expense of $3,072.35, and state that they had a net recovery from the sale of machinery in the bankruptcy proceedings of $2,968.15. They also acknowledge receiving $600 from the sale of other machinery, and state that the defendants were given a total credit of $3,568.15 before judgment was confessed, which was all to which they were entitled. They further alleged that the Walshes in their affidavit failed to properly set up that there was any extension of time given by the plaintiffs to the Unity Container Corporation, but they did not deny that such extension was given.

On September 14, 1954, the trial judge "having considered the written motion of the said defendants and the affidavit in support thereof and the plaintiffs' answer and counteraffidavit thereto," denied the motion to open the judgment by confession, from which order of the court this appeal is taken.

219

Section 50(5) of the Civil Practice Act regulating confessions of judgment provides that the application to confess judgment shall be made in the county in which the note or obligation was executed or in the county where one or more of the defendants reside, or in any county in which is located any property, real or personal, owned by any one or more of the defendants, and that a judgment entered by any court in any county other than these herein specified shall have no validity, anything in the power to confess to the contrary notwithstanding. (Ill. Rev. Stat., chap. 110, par. 174(5) [Jones Ill. Stats. Ann. 104.050, subd. (5)].)

■ Section 7 of the Civil Practice Act (par. 131, chap. 110 [Jones Ill. Stats. Ann. 104.007]), relating to venue and covering every civil action except as otherwise provided in the Act, provides that a judgment can only be rendered against a defendant who is a nonresident of the county upon the following express conditions: (1) when judgment is also rendered against a defendant residing within the county, unless the defendant not residing within the county appears generally, and defends the action on its merits; (2) and not then unless it appears from the record or the evidence that the defendant residing within the county was joined with probable cause and in good faith for the purpose of obtaining a judgment against him and was not joined solely for the purpose of fixing the venue of the action in that county.

■ The purpose of these provisions is to prevent a plaintiff from joining a resident in the county with a nonresident as a mere subterfuge for the purpose of obtaining a judgment against the nonresident. We believe that this section of the statute must be construed together with the section dealing with confessions of judgment. The legislature joined together three requisites in order to bring the case within the scope of the statute: good faith, probable cause, and a

220

joinder not made for the sole purpose of conferring venue.

"Good faith" is hardly capable of an exact definition; it consists of an honest intention to abstain from taking any unconscientious advantage of another, even through forms and technicalities of the law. "Probable cause" is a reasonable belief that the claim on which the suit is brought is valid.

■ Here, the fact that the original judgment on the note was confessed against the Walshes alone on May 28, 1952, and that no confession against the Walshes and the Unity Container Corporation jointly was applied for until May 27, 1954 and after the Walshes had filed an appeal from the order of the Circuit Court of February 5, 1954 denying their petition to vacate the judgment, together with the facts that the Unity Container Corporation had in the meantime been adjudicated a bankrupt and that the plaintiffs had filed a claim covering this indebtedness in the bankruptcy proceedings and received a distribution thereon after the sale of the assets therein, should be very persuasive on a court that the joinder of the resident corporation was not in good faith and was solely for the purpose of obtaining jurisdiction of the nonresident defendants. If this is true, then under the terms of the statute and in accord with Green v. Walsh, supra, the judgment was void. "The judgment being void, laches is not a defense to allowance of the motion to vacate (Ray v. Moll, 336 Ill. App. 360, supra, and cases cited), and a defense on the merits need not be shown. Gillham v. Troeckler, 304 Ill. App. 596; Desnoyers Shoe Co. v. First Nat. Bank; 188 Ill. 312, supra." Green v. Walsh, supra.

∴ ■ In this case the defendants raised the jurisdictional question at the earliest possible moment by filing a special appearance and attacking the jurisdiction of the court at the inception of their attempt to

221

vacate the judgment. After their original motion to vacate was denied, in their subsequent petition to open up the judgment they reasserted their jurisdictional objections. This the plaintiffs strenuously contend was a general appearance and by filing it the defendants waived any jurisdictional questions. Rule 21 of the Supreme Court provides that when a motion under a special appearance attacking the jurisdiction of the court over the person is denied, and the defendant pleads over and in so doing enters a general appearance, he does not waive error with respect to the question of jurisdiction. In re Estate of Rackliffe, 366 Ill. 22; Albers v. Bramberg, 308 Ill. App. 463; Ruthfield v. Louisville Fuel Co., 312 Ill. App. 415. Before the adoption of this rule, after a denial of a motion raising a jurisdictional question under a special appearance, any action taken by a litigant which in any way indicated a submission of his cause to the court was deemed to have waived every objection, no matter how valid, to the court's jurisdiction over his person. Rule 21 is remedial. It ameliorates the former harsh and, in many instances, unjust rules concerning waiver of an objection made to lack of jurisdiction over the person.

In the case before us the defendants, on limited appearance, filed their motion on jurisdictional grounds. After the denial of the motion they filed a subsequent motion which set up, in addition to the jurisdictional grounds, other matters which might be construed as going to the merits of the controversy. Such petition has no more effect in conferring jurisdiction of the person than the filing of an answer on the merits in a suit commenced by summons under the same circumstances. The defendants by taking such action have not forfeited their right to make the contention in this court that the trial court erred in its ruling on the jurisdictional question. Rixmann v. Witwer, 327 Ill. App. 205. Neither Mitchell v. Comstock, 305 Ill. App. 360, nor

May v. Chas. O. Larson Co., 304 Ill. App. 137, is applicable because in each of those cases before any motion attacking the jurisdiction of the court was made a general appearance was filed.

The order of the Circuit Court is reversed and the cause is remanded to the Circuit Court for further proceedings in conformity with the views expressed herein.

Order reversed and cause remanded.

ROBSON and SCHWARTZ, JJ., concur.