SPRINGFIELD MECHANICAL CORPORATION, Plaintiff-Appellee, v. RONEL TECHNETICS, INC., Defendant (Ronald Shetley *et al.*, Respondents-Appellants; Edward Frank *et al.*, Respondents).

Fourth District   No. 4—84—0278

Opinion filed December 28, 1984.

Costello, Long & Young, of Springfield, for appellants.

Brown, Hay & Stephens, of Springfield (Robert H. Stephens and William F. Trapp, of counsel), for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Pursuant to the power given us by Supreme Court Rule 306(a)(iv) (87 Ill. 2d R. 306(a)(iv)), we have granted respondents, Ronald Shetley and Neil Wensel, leave to appeal from an interlocutory order of the circuit court of Sangamon County entered March 20, 1984. That order denied respondents' motion for transfer of venue of a supplementary

proceeding brought against them by plaintiff-petitioner, Springfield Mechanical Corporation (SMC), under the provisions of Supreme Court Rule 277 (87 Ill. 2d R. 277). As the motion for transfer was not timely filed, we affirm the order denying the motion.

Rule 277(d) states that a supplementary proceeding "against a third party must, *** be commenced in a county of this State in which [the party respondent] resides, *** is employed or transacts his business in person," if some county in the State so qualifies. (87 Ill. 2d R. 277(d).) The motion for transfer was fully supported by affidavit showing that McHenry County was the proper venue for the supplementary proceedings. However, section 2—104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—104(b)) provides that improper venue is waived unless a motion to transfer is filed "on or before the date upon which [the party objecting to the venue] is required to appear or within any further time that may be granted him or her *to answer or move with respect to the complaint.*" (Emphasis added.) Respondents did not move to transfer venue within the time granted them to *"move with respect to the complaint."* (Emphasis added.)

The supplementary proceedings arose from a suit commenced in the circuit court of Sangamon County on June 2, 1981, by plaintiff, Springfield Mechanical Corporation (SMC), against defendant, Ronel Technetics, Inc. (Ronel), seeking damages for breach of contract. The record indicates that Ronel had been dissolved, but defendant's attorneys appeared on behalf of Ronel in August of 1981 and filed interrogatories. On June 11, 1982, Ronel was defaulted, and a judgment was entered in favor of plaintiff for $28,832.42. On September 23, 1982, the instant supplementary proceedings were initiated by SMC against respondents. On October 28, 1982, respondents filed a motion, on special and limited appearance, challenging the court's jurisdiction of their person. On January 5, 1983, the court denied that motion and ordered all respondents to answer or otherwise plead within 28 days.

The January 5, 1983, order fixed the time in which respondents were required *"to answer or move with respect to the"* supplementary petition within the meaning of section 2—104(b) of the Code of Civil Procedure. (Emphasis added.) Thus, they were required to "move to transfer venue" within that time in order to avoid waiving the issue. On February 2, 1983, respondents filed a motion objecting to both the court's jurisdiction over them in the supplementary proceedings and also as to the venue. However, the motion requested that the case be dismissed rather than that the case be transferred to the proper venue. The earlier pleading by respondents, purporting to be a special

and limited appearance, had also questioned the venue but failed to request a transfer to a proper venue. On February 10, 1984, respondents did file a motion which requested transfer to the proper venue, but this occurred well after the date upon which they were required *"to move against the pleadings."* (Emphasis added.)

The Historical and Practice Notes following section 2—104 explain that a motion to dismiss is no longer the proper way to contest venue. The Notes state:

> "No longer may the defendant move to dismiss for lack of venue. [Citation.] The objection must now be cast in the form of a motion to transfer the case to a court of proper venue, and this must be the earliest defensive pleading, with the single exception stated in the subsection." Ill. Ann. Stat., ch. 110, par. 2—104(b), Historical and Practice Notes, at 92-93 (Smith-Hurd 1983).

In a case where the sufficiency of an objection to venue by a respondent to a supplementary proceeding was questioned, the First District held that a motion to quash the citation because of improper venue did not raise the venue issue, because the motion did not request a transfer to a proper venue. (*Bank of Hickory Hills v. Hammann* (1982), 108 Ill. App. 3d 834, 439 N.E.2d 1048.) Similarly, this court has recently noted that a defendant to a case at law waives the issue of improper venue if a timely and "proper motion to transfer" is not made. (*Memorial Medical Center v. Matthews* (1984), 128 Ill. App. 3d 820.) We thus conclude that, under section 2—104(b) of the Code of Civil Procedure, no request for change of venue is effective unless it contains a request for a transfer to a proper venue.

Here, no proper motion to transfer venue was made until February 10, 1984, which was well after the expiration of respondent's allotted time of "within 28 days of January 5, 1983," given them to "move as to the pleadings." The trial court properly denied the February 10, 1984, motion to transfer venue.

In addition to raising the timeliness of respondents' filing of their motion for transfer of venue, plaintiff also maintains that respondents waived the issue of venue by not raising that issue in an appeal in the underlying case taken from the default judgment entered against Ronel. Although not parties defendant to that case, respondents filed notice of appeal on February 2, 1983, the same day they filed notice of appeal in the supplementary proceedings. In view of our conclusion that respondents failed to timely or properly attack the venue in the supplementary proceeding, we need not decide whether respondents waived the issue by their failure to raise the question of venue in the

supplementary proceeding in the appeal of the underlying case. However, it is clear that no waiver resulted. A final order which was appealable had been entered in the underlying case. The proceedings were separate cases. Any ruling denying relief based on improper venue of the supplementary proceedings entered by February 2, 1983, was interlocutory and not appealable as of right.

Our affirmance is for the reasons stated.

Affirmed.

MILLS and McCULLOUGH, JJ., concur.