HERMAN BATES et al., Plaintiffs-Appellees, v. MICHAEL WILBUR, Defendant-Appellant.

Third District   No. 3—92—0397

Opinion filed May 7, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Mark E. Wilson, Assistant Attorney General, of Chicago, of counsel), for appellant.

Gary S. Pyles and Winston J. Block, both of Block, Krockey, Cernugel & Cowgill, P.C., of Joliet (Scott Pyles, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Herman and Helen Bates, brought an action against the defendant, Michael Wilbur, seeking damages for personal injuries suffered by Herman arising out of an auto collision in Jasper County. The plaintiffs filed their action in Will County. The defendant appeals from the trial court's denial of his motion to transfer the cause to the county where he resides, Crawford County. We affirm.

The record in the instant case is rather sparse. Only those facts gleaned from the record before the trial court will be set forth. In the complaint filed October 23, 1991, the plaintiffs alleged that on August 8, 1991, plaintiff Herman Bates was a passenger in a State vehicle driven by the defendant, an employee of the Robinson Correctional Center. As the vehicle was traveling westbound on Illinois Route 33 in the City of Newton in Jasper County, the vehicle collided with an oncoming vehicle. The complaint alleges the defendant was negligent in, among other things, failing to properly overtake and pass a vehicle

proceeding in the same direction so as to avoid interference with the safe operation of a vehicle approaching from the opposite direction. See Ill. Rev. Stat. 1991, ch. 95½, par. 11—705.

On December 30, 1991, the defendant filed a motion to transfer the cause to a proper venue pursuant to section 2—104 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—104). In the motion, the defendant argued that under section 2—101 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—101) the instant action should have been commenced either in Crawford County (the county of residence of the defendant) or in Jasper County (the site of the occurrence).

Subsequently, the plaintiffs filed a motion for summary judgment wherein they maintained they were entitled to judgment on the issue of liability as a matter of law. The parties agreed the motions would be heard together. However, the record contains an order, dated March 26, 1992, in which the trial court denied the defendant's motion to transfer. The order instructed the defendant to respond to the motion for summary judgment within 35 days. The defendant filed a response to the motion that same day. We note no appeal was taken from the trial court's denial of the motion to transfer (see 134 Ill. 2d R. 306(a)(iv)).

The defendant filed an answer to the plaintiffs' complaint on April 2, 1992. On April 20, 1992, the defendant filed a motion for change of venue based on the doctrine of *forum non conveniens*. The defendant requested that the cause be transferred to Crawford County. Attached to the memorandum in support of the motion was a copy of an order entered in Cook County, in which the circuit court in that county granted the defendant's motion for change of venue based on *forum non conveniens* in an action brought by another passenger in his vehicle, Dwayne Wheat.

In a summary order, dated May 12, 1992, the trial court denied the defendant's motion. The defendant filed a petition for leave to appeal with this court under Supreme Court Rule 306(a)(ii) (134 Ill. 2d R. 306(a)(ii)), which we granted.

On appeal, the defendant argues the doctrine of *forum non conveniens* requires transfer of the cause to Crawford County, and that the trial court abused its discretion in denying the defendant's motion. The defendant argues that he lives in Crawford County and that most of the witnesses are located in or near Crawford County. He contends the action is a local controversy involving the Crawford County area. He cites the comparatively congested Will County docket as opposed to that of Crawford County. He also maintains a

Will County jury will be unduly burdened by a dispute which has little relevance to the residents of Will County.

The doctrine of *forum non conveniens* is an equitable doctrine which assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of the case. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.) It is founded on considerations of fundamental fairness, and sensible and effective judicial administration. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729.) In the application of these basic considerations, a court may decline jurisdiction of a case, even though it properly has jurisdiction, whenever it appears that there is another forum that can better serve the convenience of the parties and the ends of justice. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729.) The doctrine applies on an intrastate as well as an interstate basis. *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.

In resolving a *forum non conveniens* question, a court must balance private interest factors affecting litigants and public interest factors affecting the administration of the courts. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.) Private interest factors to be considered are the convenience of the parties; the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; the possibility of viewing the scene of the occurrence, if such viewing would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. (*Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 588 N.E.2d 1087.) Relevant public interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.

In deciding a *forum non conveniens* motion, a court is to take all the relevant factors into account, giving each factor, including plaintiff's choice of forum, proper deference or weight under the circumstances. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.) The test is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by the defendant. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.) Broad discretion

is vested in the trial court in determining whether particular circumstances require transfer of a cause under the doctrine of *forum non conveniens*, and that court's decision will be reversed only if it can be shown that the court abused its discretion. *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.

In the instant case, the defendant maintains the cause should be transferred to Crawford County. However, the only connection between this cause of action and Crawford County is the residence of the defendant. The merits of transferring the case to Crawford County are somewhat in doubt since the place of injury was in neighboring Jasper County. While the defendant argues in general that Crawford County is closer to the scene of the occurrence and possible witnesses, there is nothing concrete in the record to reflect this assertion. Based on the record, except for the defendant's residence, the connection between Crawford County and the cause of action is no greater than the case's connection to Will County.

Generally, a plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. (*Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 588 N.E.2d 1087.) In this case, we find this proposition dispositive given Crawford County's only proven connection to the cause of action is the residence of the defendant.

Granted some of the factors listed above tend not to favor the action being heard in the circuit court of Will County. However, that is not the test for granting a transfer under the doctrine of *forum non conveniens*. The standard is whether the factors viewed in their totality strongly favor transfer to the forum suggested by the defendant, in this case, Crawford County. Under the circumstances, the record does not strongly favor transfer to Crawford County. Therefore, we find the trial court did not abuse its discretion in denying the defendant's motion for change of venue based on *forum non conveniens* grounds.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY, P.J., and BRESLIN, J., concur.