JOHN DOE, a Minor, by his Mother and Natural Guardian, Jane Roe, Plaintiffs-Appellees, v. SUPREME LODGE OF THE LOYAL ORDER OF MOOSE *et al.*, Defendants (Moose International, Inc., Defendant-Appellant).

Third District   No. 3—92—0997

Opinion filed August 18, 1993.

John C. Bartler, of McKenna, Storer, Rowe, White & Farrug, of Wheaton (John P. McTigue, of counsel), for appellant.

James C. Byrne, of Joliet, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, a minor, by his mother and guardian, proceeding under the pseudonyms John Doe and Jane Roe, respectively, brought a civil action against the defendants, Ronald Pierce, Jeffery Taylor and Moose International, Inc. (Moose), for damages arising out of the alleged sexual abuse of John Doe while he resided at Mooseheart, "The Child City." The complaint was subsequently amended to add as a defendant the Supreme Lodge of the Loyal Order of Moose (the Supreme Lodge). Moose appeals from the trial court's denial of its motion to dismiss for improper venue and, in the alternative, to transfer the cause based on the doctrine of *forum non conveniens*. We affirm the trial court's decision to deny the motion.

The original complaint was filed in Will County on April 1, 1992. The complaint alleged generally, that from January 1989 to March 1991, Doe was a resident of Mooseheart, a facility owned and operated by Moose and located in Kane County. The complaint alleged certain tortious conduct on the part of the individual defendants and Moose. As to Moose, the complaint alleged Moose

was negligent in not protecting Doe from the sexual misconduct engaged in by the individual defendants. The complaint also alleged negligent supervision on the part of Moose.

On May 4, 1992, Moose filed a motion to dismiss the Will County complaint based on improper venue or, in the alternative, to have the action transferred to Kane County based on *forum non conveniens*. Prior to the hearing on the motion, the plaintiff filed an amended complaint, adding the Supreme Lodge as a defendant. The amended complaint restated generally the same allegations against the individual defendants and Moose. However, the amended complaint asserted that legal title to Mooseheart was in the name of the defendant, Moose, while the facility was "operated, controlled and supervised" by the Supreme Lodge. New count III alleged breach of contract on the part of the Supreme Lodge. Count III asserted Doe was a third-party beneficiary to a contract entered into between the Supreme Lodge and Doe's maternal grandfather, who was guardian and had custody of Doe at the time the contract was entered into. Count III alleged the contract was entered into at Plainfield in Will County. Count III alleged the contract was entered into for the benefit of Doe, and that therein the Supreme Lodge agreed and promised to provide for all of Doe's child-care needs while he was a resident of Mooseheart.

Moose International, Inc., is an Indiana corporation with its principal office located at the Mooseheart facility in Kane County. The Supreme Lodge is an unincorporated association.

On November 17, 1992, the trial court held a hearing on Moose's motion, which the court denied without comment on November 20, 1992. We allowed Moose's petition for leave to appeal brought pursuant to Supreme Court Rule 306 (134 Ill. 2d R. 306). The record on appeal consists of a copy of the pleadings with attached affidavits and memorandum, which were included with the petition.

On appeal, Moose contends the trial court erred in denying its motion to dismiss for improper venue, because it is not "doing business" in Will County for purposes of venue as required by section 2—101 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—101). In addition, Moose maintains the signing of the contract between the Supreme Lodge and Doe's grandfather in Will County is not sufficient to fix venue under section 2—101. Moose further contends the contract claim was not filed in good faith and was brought solely in an attempt to fix venue in Will County.

Section 2—101 states in pertinent part: "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (Ill. Rev. Stat. 1991, ch. 110, par. 2—101.) Section 2—102(a) provides in pertinent part: "[A]ny foreign corporation authorized to transact business is this State is a resident of any county in which it has its registered office or other office or is doing business." Ill. Rev. Stat. 1991, ch. 110, par. 2—102(a).

The Illinois venue statute is designed to insure that the action will be brought either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose. (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88.) Venue may properly lie in more than one jurisdiction. (*Patel v. Lacey* (1990), 203 Ill. App. 3d 1048, 561 N.E.2d 455.) As the movant, the defendant has the burden of proving that the plaintiff's selection of venue was improper. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 507 N.E.2d 838.) It is well settled that under the "transactional venue" arm of section 2—101, the place where a contract is signed and executed is the proper forum for litigation concerning a breach of contract claim. *Servicemaster Co. v. Mary Thompson Hospital* (1988), 177 Ill. App. 3d 885, 532 N.E.2d 1009; *Curt Bullock Builders, Inc. v. H.S.S. Development, Inc.* (1992), 225 Ill. App. 3d 9, 586 N.E.2d 1284.

■ Thus, in the instant case, venue properly lies in Will County under the "transactional venue" provision of section 2—101 of the Code because the agreement by Mooseheart to provide residential care for Doe was entered into in Will County. Because transactional venue exists in this case, we need not address the parties' argument on whether Moose and/or the Supreme Lodge was "doing business" in Will County to the extent that they would be considered residents of the county for purposes of venue.

However, Moose counters that the contract claim was not brought in good faith. Moose asserts venue did not lie in Will County under the allegations in the original complaint. Only after Moose had filed its motion to dismiss did the plaintiff amend the complaint to add the Supreme Lodge and the breach of contract

claim. Moose contends this action was nothing more than an attempt to fix venue in Will County.

■ After reviewing the case law on good faith in this context (see, *e.g., Green v. Unity Container Corp.* (1955), 7 Ill. App. 2d 215, 129 N.E.2d 458; *Novak v. Thies* (1980), 89 Ill. App. 3d 991, 412 N.E.2d 666; *McKenzie v. Romeiser* (1990), 205 Ill. App. 3d 830, 563 N.E.2d 837), we find the record presented here fails to show that the plaintiff's contract claim was not brought in good faith. Besides, we note the "good faith" and "probable cause" requirements are found in what we might term the "residential venue" arm of section 2–101. Since we find no lack of good faith in this case, we need not address the applicability of the good-faith requirement to the "transactional" arm of the venue statute.

Moose also contends the trial court abused its discretion in denying its motion to transfer the cause to Kane County based on the doctrine of *forum non conveniens*.

The doctrine of *forum non conveniens* allows the court in which the action was filed to decline jurisdiction and direct the lawsuit to an alternative forum which the court determines can better serve the convenience of the parties and the ends of justice. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) A trial court is vested with broad discretion in balancing the various considerations relevant to a ruling on a *forum non conveniens* motion, and its decision will be reversed only if it represents an abuse of discretion. *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 520 N.E.2d 368.

■ Before granting a *forum non conveniens* motion, a trial court must weigh a variety of factors and conclude that the balance strongly favors the defendant. (*Certain Underwriters at Lloyd's, London v. Bertrand Goldberg Associates, Inc.* (1992), 238 Ill. App. 3d 692, 606 N.E.2d 541.) Factors relating to the private interests of the litigants include the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if viewing would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. (*Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) Public interest factors include administrative concerns, such as the relative congestion of court dockets, the inappropriateness of imposing jury duty upon residents of a county which has no connection to the litigation, and an interest in having a localized controversy handled

locally. (*Grachen v. Zarecki* (1990), 200 Ill. App. 3d 336, 558 N.E.2d 132.) An important consideration under the *forum non conveniens* doctrine is that if the chosen forum is the plaintiff's home forum, that choice will be given substantial deference; otherwise, the deference to the plaintiff's choice is considerably lessened. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 520 N.E.2d 368.) The test is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by the defendant. *Bates v. Wilbur* (1993), 245 Ill. App. 3d 377, 613 N.E.2d 388.

In the instant case, neither the minor plaintiff nor his mother resides in Will County. In fact, it now appears they reside in Tennessee. Therefore, the deference generally granted the plaintiff in choosing his home forum is not present in this case. However, even with this fact acknowledged, we do not find the trial court abused its discretion in denying the motion. Kane and Will Counties are contiguous. Both sides claim they have witnesses in either Kane or Will County, with very little in the way of specifics. Moose also points to the fact that the investigating agencies are located in Kane County and that Kane County was the site of most of the alleged incidents of abuse. Moose argues viewing the Mooseheart premises would be more accessible to a Kane County jury. On the other hand, Moose presented no evidence on the status of the dockets in either county. In addition, Moose's arguments are for the most part rather general. Viewing the totality of the circumstances, we find the facts of this case do not strongly favor transfer to the neighboring county of Kane.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.