DWAYNE WHEAT, Plaintiff-Appellee, v. MICHAEL WILBUR, Defendant-Appellant.

Third District   No. 3—93—0833

Opinion filed May 5, 1994.

Mark E. Wilson, Assistant Attorney General, of Chicago, for appellant.

Richard M. Beuke, of Chicago, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, Dwayne Wheat, brought an action against defendant, Michael Wilbur, seeking damages for personal injuries he suffered in an automobile accident in Jasper County. Plaintiff filed his action against defendant in Will County. Defendant filed a motion for transfer of venue which the trial court denied. Defendant appeals, and for the reasons stated below, we reverse and remand.

Defendant resides in Robinson, located in Crawford County. On August 8, 1991, he was driving on Illinois Route 33 in Jasper County. Plaintiff and Herman Bates were passengers in the vehicle. Defendant's vehicle was involved in an accident with another vehicle and plaintiff and Bates suffered injuries.

Bates sued defendant in Will County for damages. Defendant moved to transfer venue under section 2—101 of the Civil Practice Law, arguing that Will County was not the proper venue because the

accident did not occur in Will County and defendant was not a resident of Will County. (735 ILCS 5/2—101 (West 1992).) The trial court denied defendant's motion. Defendant then filed a motion for a change of venue based on the doctrine of *forum non conveniens*. Defendant appealed only the ruling on the issue of *forum non conveniens*, and this court affirmed the trial court's denial of defendant's motion. *Bates v. Wilbur* (1993), 245 Ill. App. 3d 377, 613 N.E.2d 388.

Plaintiff then filed the instant action against defendant in Will County. Defendant moved to transfer venue under sections 2—101 and 2—104. (735 ILCS 5/2—101, 2—104 (West 1992).) The trial court denied the motion stating,

"[t]hat based upon the appellate court's ruling in *Bates v. Wilbur* and because the venue issue in *Bates* was waived and *Bates* is being tried in Will County, the defendant's motion to transfer venue is denied."

Defendant petitioned for and was granted leave to appeal the trial court's order denying his motion.

Defendant argues on appeal that under section 2—101, the action must be commenced either in defendant's home county (Crawford) or in the county where the cause of action arose (Jasper). It is uncontested that defendant lives in Crawford County and that the accident occurred in Jasper County.

Section 2—101 states in pertinent part:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2—101 (West 1992).

The Illinois venue statute is designed to insure that the action will be brought in either a location convenient to the defendant, by providing for venue in the county of defendant's residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose. (*Doe v. Supreme Lodge of the Loyal Order of Moose* (1993), 249 Ill. App. 3d 707, 710, 619 N.E.2d 194.) The defendant, as movant, has the burden of proving that the plaintiff's selection of venue was improper. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 285, 507 N.E.2d 838.) A trial court's denial of a transfer of venue motion will be reversed only upon a showing that the trial court abused its discretion. See *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 398, 581 N.E.2d 644.

In the instant case, we believe that the trial court abused its

discretion in denying defendant's motion for a transfer of venue. Defendant clearly alleged in his motion that he resided in Crawford County and that the accident occurred in Jasper County. These undisputed allegations are sufficient to satisfy the statutory requirements of section 2—101. 735 ILCS 5/2—101 (West 1992).

The trial court erred in relying on this court's decision in *Bates* as a justification for denying defendant's motion to transfer venue. While it may be more efficient for both *Bates* and the instant case to be tried in Will County, this case is an entirely separate action from the *Bates* appeal, which involved different parties and a separate principle of law, that of *forum non conveniens*. In considering the merits of defendant's motion for transfer of venue, it was inappropriate for the trial court to rely on *Bates*. See *Springfield Mechanical Corp. v. Ronel Technetics, Inc.* (1984), 129 Ill. App. 3d 733, 735-36, 473 N.E.2d 67.

The order of the circuit court of Will County denying defendant's motion for transfer of venue is reversed and remanded.

Reversed and remanded.

BRESLIN and STOUDER, JJ., concur.