REICHERT, LARRY v. THE COURT OF CLAIMS OF THE STATE OF ILLINOIS, et al. - re-sent 01/16/02

(text box: 1)
 NO. 5-01-0222

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

LARRY REICHERT, )  Appeal from the

)  Circuit Court of

     Petitioner-Appellee, )  Pope County.  

)

v. )  No. 00-MR-4

)

THE COURT OF CLAIMS OF THE STATE )

OF ILLINOIS, )

)

     Respondent-Appellee ) 

)  Honorable

(The Board of Trustees of the University of )  Donald Lowery,

Illinois, Intervening Respondent-Appellant). )  Judge, presiding.    

________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

On April 18, 2000, Larry Reichert filed, in the circuit court of Pope County, a petition for writ of 
certiorari
 seeking the review of a decision of the Court of Claims of the State of Illinois (Court of Claims) in Reichert's personal-injury action against the Board of Trustees of the University of Illinois (University).  Named as the respondent to the petition is the Court of Claims.  The petition seeks the review of a decision of the Court of Claims which held that, because Reichert's personal injuries did not arise out of the University's operation of a "vehicle," Reichert's damages were limited to the statutory maximum of $100,000.  

On May 25, 2000, the Court of Claims filed a motion to transfer venue to Sangamon County, arguing that Pope County was an improper venue and that the only proper venue was Sangamon County.  Reichert opposed the motion, and on January 2, 2001, the motion to transfer venue was denied by the circuit court.  

On February 23, 2001, the University filed a petition to intervene in the 
certiorari
 action.  Apparently, no party objected.  This petition was granted on March 6, 2001.

Also on February 23, 2001, the University filed a motion to transfer venue from Pope County to Sangamon County or, in the alternative, to Cook County.  The University's motion raises substantially the same points as did the Court of Claims' motion to transfer venue.  The record contains no objection or response by Reichert.  On March 7, 2001, the circuit court of Pope County denied this motion to transfer venue.  

The University's petition for leave to appeal to this court was granted on May 7, 2001, pursuant to Supreme Court Rule 306 (166 Ill. 2d R. 306).  We note that no party has challenged the University's standing, as an intervenor, to raise the issue of proper venue.

The Court of Claims did not file a petition for leave to appeal to this court.  Accordingly, although properly a party to this appeal, its status before this court is that of an appellee.  Its motion to be realigned as an appellant was denied by an order dated May 29, 2001.  Nevertheless, the Court of Claims has filed a brief attacking the judgment below.  As an appellee, it has no standing to do so but may only argue in support of the judgment below.  Accordingly, we will 
sua sponte
 strike the brief of the Court of Claims filed herein and will address ourselves only to the arguments of the University attacking the judgment below.      The relevant facts are undisputed.  Reichert's personal injuries were incurred in Pope County.  In the Court of Claims, all the pleadings were filed and all the proceedings took place in Sangamon County.  The principal, and only, offices of the Court of Claims are located in Sangamon and Cook Counties.  

We begin with a discussion of the appropriate standard of review, which the parties dispute.  The University insists that because in this case the facts are undisputed, the only issue before this court is one of law and review should be 
de novo
.  Reichert insists that the appropriate standard of review is whether the trial court abused its discretion.  We note a split of authority on this issue.  Several cases hold that the determination of proper venue is discretionary with the court and that the trial court's decision should be reviewed to determine whether it abused its discretion.  See 
Johnson v. Compost Products, Inc.
, 314 Ill. App. 3d 231, 236 (2000); 
Wheat v. Wilbur
, 261 Ill. App. 3d 323, 324 (1994).  Indeed, even the Illinois Supreme Court has held that the determination of proper venue is discretionary.  See 
Stambaugh v. International Harvester Co.
, 102 Ill. 2d 250, 263 (1984).  

Nevertheless, in 
Lake County Riverboat L.P. v. Illinois Gaming Board
, 313 Ill. App. 3d 943, 951 (2000), the court held that the issue of whether a particular venue is proper raises a mixed question of law and fact.  The court pointed out that being sued in a proper venue is an important statutory privilege and that a defendant has an absolute right to insist upon a proper venue.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 951.  Because in that case the facts were undisputed, the court held that the issue of proper venue was one of law to be reviewed 
de novo
.  

We are persuaded by the reasoning of 
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 951.  The determination of proper venue is not discretionary; it is compulsory.  Although a defendant may waive the issue of proper venue, once a proper motion to transfer based on improper venue is raised and proved, the trial court has no discretion but to grant it. 

We do not lightly disregard the holding of our supreme court in 
Stambaugh
 that the determination of proper venue is discretionary.  We note, however, that the case upon which 
Stambaugh
 relied as authority for the proper standard of review, 
Morrison v. Community Unit School District No. 1
, 44 Ill. App. 3d 315 (1976), did not involve a motion to transfer for 
improper
 venue.  Instead, that case involved a motion to transfer venue to a different court for fear that the inhabitants of the county were prejudiced against the movant and that a fair trial could not be received, pursuant to what was then section 4 of "An Act to revise the law in relation to change of venue" (Ill. Rev. Stat. 1971, ch. 146, par. 4 (now see 735 ILCS 5/2-104 (West 2000))).  Such a motion does fall within a trial court's sound discretion.  However, in our view, a ruling on a motion to transfer for 
improper
 venue is not discretionary.  Either the facts support venue in the county in which the action was filed or they do not.  Once this factual determination is made, the trial court has no discretion as to whether to grant or deny the motion.  Therefore, it seems to us that the proper standard of review is, as 
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 951, held, a mixed question of law and fact.  We also note that of the two appellate court decisions cited above which hold that the appropriate standard of review is the abuse-of-discretion standard, one relied on a 
forum non conveniens
 case for authority (
Wheat
, 261 Ill. App. 3d at 324) and the other relied on 
Stambaugh
 as authority (
Johnson
, 314 Ill. App. 3d at 236).

Accordingly, we adopt and apply herein the standard of review as set forth in 
Lake County Riverboat L.P.
.  Because in this case, as in that case, the facts are undisputed, we review the issue 
de novo
.  

Section 2-101 of the Code of Civil Procedure (Code) (735 ILCS 5/2-101 (West 2000)) is the general venue provision.  It provides that every action must be commenced either in the county of residence of any defendant who is joined in good faith or in the county in which the transaction or some part thereof occurred out of which the cause of action arose.  735 ILCS 5/2-101 (West 2000).  Under this general venue provision, a private corporation is deemed to be a resident of any county in which it has an office or is doing business, a partnership is deemed to be a resident of any county in which it has an office, in which it is doing business, or in which a partner resides, and a voluntary unincorporated association is deemed to be a resident of any county in which it has an office or in which any officer resides.  735 ILCS 5/2-102 (West 2000).  

Section 2-103(a) of the Code sets forth the venue provisions for actions against "a public, municipal, governmental[,] or quasi-municipal corporation."  735 ILCS 5/2-103(a) (West 2000).  It provides that actions must be brought against any of these governmental bodies in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose.  735 ILCS 5/2-103(a) (West 2000). 

Under these statutory venue provisions, proper venue may rest on one, or both, of two grounds: the defendant's residence or the county in which occurred some part of the transaction out of which the cause of action arose, referred to herein as transactional venue.  The University argues that, under either the general venue provision or the governmental-body venue provision, the residence of the Court of Claims is not Pope County and venue is not proper in Pope County on the basis of the defendant's residence.  The University argues that the residence of the Court of Claims is Sangamon County, where the Court of Claims has its principal office, or, alternatively, Cook County, where the Court of Claims has an office.  

Reichert does not dispute that, under the residency prong of the venue provisions, venue is not proper in Pope County.  Instead, Reichert focuses on the transactional prong of the venue provisions, arguing that the transaction out of which his cause of action arose occurred in Pope County.  We will, therefore, address only the issue of transactional venue–that is, whether some part of the transaction out of which the cause of action arose occurred in Pope County. 

Under the transactional-venue provisions, venue is proper in any county in which occurred some part of the transaction out of which the cause of action arose.  735 ILCS 5/2-101, 2-103(a) (West 2000).  The venue statutes reflect the legislature's view that a defendant should not be put to the burden of defending an action in a county where the party does not maintain an office or do business and where no part of the transaction complained of occurred.  
Bucklew v. G.D. Searle & Co.
, 138 Ill. 2d 282, 289 (1990).  Thus, the venue statutes developed over time to restrict proper venue to places that are convenient either to the defendant or to the potential witnesses.  
Bucklew
, 138 Ill. 2d at 288-89.  

Under transactional-venue principles, two dependent variables must be analyzed to determine whether a particular venue is proper: (1) the nature of the cause of action and (2) the place where the cause of action springs into existence.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 952.  The place where a transaction or some part thereof occurs, causing an action to spring into existence, is the place where any significant negotiations were carried on between the parties, where an agreement was signed, where the agreement was or was supposed to be performed, or where matters occurred that the plaintiff has the burden of proving as a part of the cause of action.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 952-53.  This is generally the place where the parties' direct dealings occurred while in an adversarial position or where events occurred that altered the parties' legal relationship.  
Lake County Riverboat L.P.
, 313 Ill. App. 3d at 953.  "Transaction" has been defined to include every fact that is an integral part of a cause of action.  
Kenilworth Insurance Co. v. McDougal
, 20 Ill. App. 3d 615, 617 (1974).

The University argues on appeal that the cause of action in this case is one for a writ of 
certiorari
 and that this cause of action arose in Sangamon County, where the proceedings and decisions of the Court of Claims sought to be reviewed occurred.  Reichert, on the other hand, argues that the petition for writ of 
certiorari
 is simply a review procedure and that his actual cause of action, for personal injuries, arose in Pope County.  Both arguments appear to have merit.

The common law writ of 
certiorari
 was developed to provide a means whereby a petitioner who was without an avenue of appeal or direct review could obtain limited review of an action by a court or other tribunal exercising quasi-judicial functions.  
Stratton v. Wenona Community Unit District No. 1
, 133 Ill. 2d 413, 427 (1990).  The purpose of the writ is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether that body proceeded according to the applicable law.  
Stratton
, 133 Ill. 2d at 427.  In a 
certiorari
 proceeding, review is strictly limited to an inspection of the record of the inferior tribunal, and the court cannot consider any matter not appearing of that record.  
People ex rel. Nelson Brothers Storage & Furniture Co. v. Fisher
, 373 Ill. 228, 229 (1940).  If the circuit court, on the return of the writ, finds from the record that the inferior tribunal proceeded according to law, the writ is quashed; however, if the proceedings are not in compliance with the law, the judgment and proceedings shown by the return will be quashed.  
Stratton
, 133 Ill. 2d at 427.  We note that in 
Stratton
, the supreme court characterized a 
certiorari
 action as a review proceeding, not an independent, original action.  133 Ill. 2d at 428. 

In 
Rossetti Contracting Co. v. Court of Claims
, 109 Ill. 2d 72, 79 (1985), the Illinois Supreme Court held that a writ of 
certiorari
 could be used to review a decision of the Court of Claims.  The court held that, as the final arbiter of the Illinois Constitution, it had the authority and responsibility to determine whether the Court of Claims had acted to unconstitutionally deprive a party of its right to due process.  
Rossetti Contracting Co.
, 109 Ill. 2d at 78.  The court explicitly did not hold that a writ of 
certiorari
 could be used to review the correctness of a decision of the Court of Claims based on the merits of an appeal, but only that it could be used to review whether the Court of Claims had acted unconstitutionally.  Thus, the use of a writ of 
certiorari
 to review decisions of the Court of Claims has been restricted to an examination of whether the Court of Claims deprived a litigant of due process, and it has not been allowed to extend to the merits of the underlying case before the Court of Claims.  See 
Reyes v. Court of Claims
, 299 Ill. App. 3d 1097, 1106 (1998); 
Klopfer v. Court of Claims
, 286 Ill. App. 3d 499, 502-03 (1997);
 Hyde Park Medical Laboratory, Inc. v. Court of Claims
, 259 Ill. App. 3d 889, 896 (1994).  

Based on this case law, the University appropriately argues that, because 
certiorari 
review is limited to the record before the Court of Claims and cannot go to the merits of the underlying action, all of the facts giving rise to the cause of action (
certiorari
) arose in Sangamon County, where all of the proceedings and decisions of the Court of Claims occurred.  Furthermore, the University argues, the policy reasons underlying transactional venue–convenience to the defendant and/or potential witnesses–do not support venue in Pope County because the facts of Reichert's claim against the University, which occurred in Pope County, cannot be reviewed in this 
certiorari
 action.  Instead, only the question whether the Court of Claims deprived Reichert of due process can be reviewed in this 
certiorari
 action, and all sources of proof relating to that question are located in Sangamon County.  According to the University, all transactions, and all parts thereof, between Reichert and the Court of Claims took place in Sangamon County.       

Reichert responds that the 
certiorari 
action is not a separate, independent cause of action but is simply a procedure used to review decisions made by the Court of Claims in the underlying lawsuit.  Thus, according to Reichert, the real cause of action in this case is between Reichert and the University, and this cause of action arose in Pope County, where Reichert sustained his injuries.

As we have stated, both arguments appear to have merit.  Nevertheless, given the purpose behind the venue statutes and the true nature of the cause of action, we find the arguments of the University to be persuasive.  The cause of action before the circuit court in this case was one for a writ of 
certiorari
 claiming that the Court of Claims had, by its ruling limiting his damages to $100,000, deprived Reichert of due process.  The petition for writ of 
certiorari
 did not seek the review of any facts or issues in the underlying personal-injury lawsuit but only sought a determination as to whether the Court of Claims' decision violated Reichert's due process rights.  The cause of action before the circuit court was not Reichert's personal-injury action against the University.  Exclusive jurisdiction over that cause of action rests in the Court of Claims.

Reichert's injury in Pope County gave rise to his cause of action against the University 
in
 the Court of Claims.  The event that gave rise to Reichert's cause of action 
against
 the Court of Claims was its ruling limiting his damages to $100,000.  This event occurred entirely in Sangamon County.  

While a 
certiorari
 action is a review procedure, it is also a new cause of action filed in the circuit court.  The only issue before the circuit court in a 
certiorari
 action seeking the review of a decision of the Court of Claims is whether the Court of Claims acted so as to deprive the petitioner of due process.  None of the issues involved in the underlying cause of action are involved in the 
certiorari
 action.  In a 
certiorari
 proceeding, review is strictly limited to an inspection of the record of the inferior tribunal, and the court cannot consider any matter not appearing of record.  
People v. Fisher
, 373 Ill. 228, 229 (1940).  Furthermore, the proceeding is limited to the question of whether the Court of Claims deprived the litigant of due process, and the proceeding may not reach the merits of the underlying action or the decisions of the Court of Claims made therein.  Thus, all of the facts giving rise to the 
certiorari
 action occurred in Sangamon County or Cook County, where all the proceedings before the Court of Claims occur.  

Finally, as the University points out, the policy reasons behind the transactional-venue provisions–convenience to the defendant and/or potential witnesses–simply do not support venue in Pope County.  Pope County is not convenient to the defendant, and no potential witnesses to the 
certiorari 
action are located in Pope County.  Proper venue is an important privilege belonging to the defendant.  
Blakey v. Commonwealth Edison Co.
, 52 Ill. App. 3d 454, 456 (1977).  

" 'The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plaintiff, wherein the defendant does not reside, or in which no part of the transaction occurred which gave rise to the cause of action.  If a plaintiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly.' "  
Blakey
, 52 Ill. App. 3d at 456 (quoting 
Heldt v. Watts
, 329 Ill. App. 408, 414 (1946)).

And, as our supreme court has pointed out, the venue provisions are to be liberally construed in order to effect rather than defeat a change of venue.  
Stambaugh v. International Harvester Co.
, 102 Ill. 2d 250, 261 (1984).

The proper venue for this 
certiorari
 action does not lie in Pope County, but in Sangamon County, where the principal office of the Court of Claims is located and, according to an affidavit filed with the University's motion to transfer venue, all pleadings involving Reichert were filed and all orders relating to Reichert were issued and distributed.  The trial court erred as a matter of law in concluding otherwise.  

For the foregoing reasons, the order of the circuit court of Pope County denying the University's motion to transfer venue is reversed, and pursuant to the power granted us by Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we hereby transfer the venue of this 
certiorari
 proceeding to the circuit court of Sangamon County.

Reversed; order entered.

KUEHN and RARICK, JJ., concur.

                                      NO. 5-01-0222

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

LARRY REICHERT, )  Appeal from the

)  Circuit Court of

     Petitioner-Appellee, )  Pope County.  

)

v. )  No. 00-MR-4

)

THE COURT OF CLAIMS OF THE STATE )

OF ILLINOIS, )

)

     Respondent-Appellee ) 

)  Honorable

(The Board of Trustees of the University of )  Donald Lowery,

Illinois, Intervening Respondent-Appellant). )  Judge, presiding.    

___________________________________________________________________________________

Opinion Filed
: January 18, 2002

___________________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Clyde L. Kuehn, J., and 

Honorable Philip J. Rarick, J.,

Concur

___________________________________________________________________________________

Attorney
 Regina B. Haasis, Nally, Haasis & Bauer, P.C., 41 E. University Avenue, P.O. Box

for
 227, Champaign, IL 61824-0227

Appellant
 

___________________________________________________________________________________

Attorneys
 Gary E. Stark, Johnson & Stark, L.L.C., 309 Division Street, P.O. Box 826, Cairo,

for
 IL 62914 (for Larry Reichert)

Appellees
 

James E. Ryan, Attorney General, State of Illinois, Joel D. Bertocchi, Solicitor

General, John P. Schmidt, Assistant Attorney General, 100 West Randolph Street,

12th Floor, Chicago, IL 60601 (for The Court of Claims of the State of Illinois)

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 01/18/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.